THE STATE, JAMES DELANEY ET AL., PROSECUTORS, v. MAURICE BURCKLEE, EXECUTOR OF MAURICE BURCK-LEE, DECEASED.

Appeals from a District Court are to be taken within five days after judgment is rendered, and are to be granted in the same manner as appeals are taken from justices' courts. *Held*, that the action of the Court of Common Pleas, in permitting an appeal bond to be filed at a term more than five days after judgment, was erroneous.

On *certiorari* bringing up a judgment of the Court of Common Pleas of the county of Passaic.

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the prosecutors, *Michael Dunn.*

The opinion of the court was delivered by

REED, J. The insistence of the counsel for the prosecutors is that the Court of Common Pleas, instead of proceeding to hear the case, should have dismissed the appeal on the ground that no bond had been filed within the statutory period, by the appellants.

The facts appearing upon the record sent up are these: Burckle sued the Delaneys in the Paterson District Court on a note for $100. On January 10th, 1893, judgment was given in favor of the defendant and for defendant's costs of suit, setting out the items.

On January 12th, a notice of appeal was given, but no bond was filed. Then a motion was made to dismiss the appeal when it was moved on September 27th, 1893, on the ground that no appeal bond had been filed in the case.

The court permitted the appellant to then file an appeal bond and proceeded to hear the cause and ordered judgment for the plaintiff.

We think that the court should have dismissed the appeal. The statute controlling appeals from District Courts is contained in the laws of 1892. *Pamph. L., p.* 257.

By section 1, appeals are to be granted in the same manner as appeals are taken in the court for the trial of small causes. By section 3, they are to be taken within five days from the rendering of the judgment.

The Justice's Court act makes the entering into a bond a condition precedent to the granting of an appeal. The only exception is where the judgment appealed from is in favor of the party demanding the appeal, and there is no offset against the demand. In this exceptional instance, a notice of appeal only is essential.

Nothing appears in the record to excuse the delay in filing the bond within the statutory time; so the case does not present the features appearing in the case of *Lacy* v. *Cox,* 3 *Gr.* 469, where it appeared that the appellant had repeatedly called at the justice's house to tender an appeal bond.

So, the judgment of the Court of Common Pleas upon the merits must be set aside, as the court should have dismissed the appeal.