FREDERICK E. SEILER ET AL. v. ALBERT J. SIMPSON.

Submitted February 18, 1908—Decided June 8, 1908.

Until an appeal from a District Court has been perfected by due notice of appeal, and the filing and approval of an appeal bond, this court does not acquire jurisdiction over its proceedings.

On appeal from the First District Court of the city of Newark.

Before Justices REED, PARKER and VOORHEES.

For the appellant, *Frank E. Bradner.*

For the appellee, *Harry H. Poole.*

The opinion of the court was delivered by

VOORHEES, J.   This is an application made upon a notice to the plaintiff for a rule directing the clerk of the First District Court of the city of Newark to send up a transcript of the record and proceedings and the judgment rendered in a case therein pending and directing the judge of said court to send up a state of the case.   The notice also states that an appeal bond would be presented to this court.

The course of procedure in the court below was as follows:

On November 21st, 1907, the plaintiffs obtained judgment against the defendant for $50 and $6.18 costs of suit.   Notice of appeal and a proposed state of the case were served by the defendant on November 23d.   On November 27th an appeal bond was executed by the defendant in compliance with the statute, the surety justifying thereon.   On November 30th, being Saturday and a regular court day, the defendant's attorney appeared in court to present to the judge who had tried the case the appeal bond for his approval.   The judge who tried the cause was not present, but another judge was trying cases, presumably for the judge who regularly held the First District Court.   The defendant's attorney presented the bond to the clerk of the court and requested the clerk to file it, which the clerk refused until it had been approved; but replied that he would ask the judge who had tried the case to approve it when he returned to the court room.   It was later learned that the trial judge was away from home and would not return until the following Tuesday.

The bond being presented to the judge upon his return he refused to approve it because it had not been presented

within ten days after judgment. Thereafter the plaintiff declined to agree with the defendant upon a state of the case, and upon application being made to the judge who tried the case to settle and sign a state of the case, he refused to do so on the ground that no bond had been presented and approved within the time allowed by law.

The District Court act prescribes that a party may appeal "if such party shall, within ten days after such determination, give notice of such appeal * * * *and* enter into bond, &c., * * * to be approved by the District Court judge." Both a notice of appeal and the entering into bond are necessary steps.

The proceeding adopted by the defendant to secure a review is a novel one, and unless this court has obtained jurisdiction by the perfection of the appeal in the court below, it has no power to act in the premises.

In the present instance the two acts above stated have not been done, and the omission of either is fatal. The appeal has, therefore, not been perfected so as to give this court the right to act, and it is not perceived how its authority can be exercised over the proceedings below except by one of its prerogative writs adapted to the purpose.

The application should be denied, with costs.