SIMPSON B. LYONS, RESPONDENT, v. PEASE PIANO COMPANY, APPELLANT.

Argued November 22, 1918—Decided March 3, 1919. ·

Under the facts and circumstances, and the letters which passed between the parties, the question presented was as to whether the contract of hiring of the plaintiff, contemplated a contract at will or by the week or for a year. *Held*, to be a contract for a yearly hiring, and properly construed as such by the trial court.

---

On appeal from the Essex County Circuit Court.

For the respondent, *Scott German.*

For the appellant, *Carrick & Wortendyke.*

The opinion of the court was delivered by

MINTURN, J.   The suit was for damages for a breach of a contract of hiring, which was evidenced by certain letters which passed between the parties (who were in the business of selling pianos) containing the terms of the employment, but leaving the duration of the term of employment unspecified, but subject to legal inference by construction of the writings in the light of the nature of the employment, and the general character and extent of the work in view.   The plaintiff, on March 1st, 1917, wrote "I will accept your proposition on salary for the writer, *i. e.,* $50 per week and one per cent. commission, on net sales over $60,000 made through our Newark store, this to include any and all sales, with the understanding my salary starts with the new year, January 1st, 1917, all our reports run from January 1st to December 31st."

The defendant contended that this acceptance which was acted upon by both parties until May 19th, 1917, when plaintiff was discharged, was in legal effect a hiring at will or by the week.   The trial court instructed the jury that its legal effect was to effectuate a yearly hiring, and this issue presents the gravamen of the controversy.

The construction of the contract was properly conceded to the court by both parties, as a legal proposition.   Where the term of employment involved is left by the writing in the sphere of doubt, and a practical method of determining it is the circumstance of weekly or monthly payments made during its continuance, as evidencing the mutual intent by the construction of the parties themselves, the settled rule is to resort to that circumstance as an aid in the proper construction of the contract.   *Steffens* v. *Earl,* 40 *N. J. L.* 128; *Passino* v. *Brady Co.,* 83 *Id.* 419; *Jones* v. *Manhattan Co.,* 91 *Id.* 406.

In the latter case the payments were made semi-annually, but it was held that that fact was not inconsistent with a yearly hiring "when from a consideration of all of its terms such appears to have been the intention of the parties."

As a result of the proposal and its modified acceptance, the plaintiff had a conversation with the president and vice-president of defendant company, and his yearly salary was discussed. It was conceded at the trial that plaintiff was expected to transact business in sales to the net amount of $60,000 per year. His salary was to begin on January 1st and his reports of business were to comprehend an annual period from January 1st to December 31st. An appropriation of $1,200 per year was allotted to him for advertising purposes, and a concession was made to him of one per cent. on net sales of over $60,000 for the year 1917.

These facts and circumstances, combined with the language of the acceptance, evince that the period contemplated was neither a hiring at will nor by the week, and that the trial court properly construed the contract as a yearly hiring. No other question is discussed in the briefs, and presumably the propriety of the submission to the jury of the question of the amount due to plaintiff, under the contract, is not contested.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.