## In re GUARDIANSHIP OF BOOKER T. SHOALS.
## SHOALS v. FREELAND.

No. 14123— Opinion Filed July 10, 1923.

**1. Guardian and Ward—Confirmation of Guardian's Sale—Verbal Order.**

In a guardian's sale of an interest in oil and gas royalties where the county court makes a verbal order confirming the sale and thereafter signs the written order of confirmation, the confirmation is complete under the verbal order, and the written order relates back to the date and is the embodiment of the verbal order.

**2. Same—Binding Effect of Bid—Delayed Confirmation.**

In a guardian's sale of an interest in oil and gas royalties the successful bidder is bound by the bid, and after confirmation of the sale is liable to pay the amount of the bid, even if there is a depreciation in the value before the order of confirmation is entered of record and before guardian's deed is executed.

**3. Same.**

After the county court passes on the return of sale made by the guardian and announces that the sale is confirmed or makes any statement or does any act meaning the same, such announcement, statement,

or act completes the approval and confirmation of the sale, and the court and guardian are bound by it, and it is the duty of the court to make the order of record, even if there is an increase in the value of the property after confirmation and before the order is signed and in absence of fraud or mistake or default of the successful bidder, it is error to set the order aside or refuse to make the same of record.

(Syllabus by Threadgill, C.)

Commisioners' Opinion. Division No. 3.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Order of county court confirming guardian's sale of oil and gas royalty interest of Booker T. Shoals, minor, to C. L. Friel and affirmed in district court, and P. L. Shoals, guardian, brings error. Affirmed.

Burt & Keenan, for plaintiff in error.

Thrift & Davenport, for defendant in error.

Opinion by THREADGILL, C. This case presents an appeal from an order of the district court of Creek county affirming an order of the county court of said county confirming a sale of an undivided one-half interest in the royalty to be had from oil and gas of the N. E. ¼ of section 33, township 16 north, range 9 east, being 160 acres of land in Creek county, Okla.

Booker T. Shoals was a minor freedman and P. L. Shoals was his guardian and the guardianship was pending in the county court of Creek county, Okla. On the 21st day of September, 1921, the guardian made application to the county court to sell an undivided one-half interest in the royalties to be had from oil and gas reserved to said minor in the oil and gas lease then in force on the above described land. Notice was given of the time and place for hearing said application, as by law provided, and on the 22nd day of October, 1921, the county court of Creek county entered a decree of sale of royalty by guardian, in which it was provided that the guardian of the said estate be authorized and directed to sell at public sale to the highest bidder an undivided one half in'erest in and to all of the oil, gas, coal and other minerals now or at any time hereafter lying in or under the lands above described and being the allotment of the said Booker T. Shoals, a minor. Notice was given of the time and place of sale and sale was made on the 19th day of November, and on the 28th day of November, 1921, the said guardian filed in the county court of Creek county his report and return of sale, stating that he had made the sale pursuant to the order of the court and for a consideration of $8,000 to C. L. Freeland. The county court made an order setting the 17th day of December, 1921, at ten o'clock a. m., as the time fixed for hearing the return of sale filed by the guardian. On the 17th day of December, 1921, according to the order of the court and the notice given, the return of sale was heard by the court and a verbal order was made confirming said sale and on the 27th day of December, 1921, the court signed a written order as of the 17th day of December, 1921, confirming the sale. On the day the court signed the written order, being the 27th day of December, 1921, and prior to the time the judge fixed his signature to the written order, one Mr. Whitman offered to raise the bid of C. L. Freeland to $12,000, and presented a certified check to the judge with his bid. The judge informed him that he was too late for the reason that the sale to Freeland had already been confirmed. The guardian and the 20 year old minor wanted the court to confirm the sale to Whitman but the court refused to do this on the ground that the confirmation took place on the 17th day of December and the court could not change the order in favor of the higher bidder at that time. The guardian appealed the case to the district court of Creek county and had a trial de novo to the court upon questions of law and fact and the court affirmed the sale of said one-half royalty interest in the lands of the said minor of the 17th day of December, 1921, and remanded said cause to the county court for further proceeding in compliance with the court's order. To all of which the guardian excepted and has brought the case here by petition in error and case made for review, asking that the judgment so rendered by the district court be set aside.

The plaintiff in error, hereinafter called guardian, contends that the county court, upon the bid of Mr. Whitman of $12,000 on the day and prior to the time the county judge signed the confirming order of the royalty sale as of the 17th day of December, 1921, should have refused to sign the written order and should have accepted the $12,000 bid as for the best interest of the minor, instead of the sale to C. L. Freeland for the sum of $8,000. The only question is whether or not the county court, after having made a verbal order confirming a sale of this character and before the order is made of record, is required to change it if a higher bid or price is offered by another party.

There is practically no conflict in the testimony as to what the facts are in the case, and it is well understood that the county court has a broad margin of discretion in approving and confirming sales of this character. In re Billy et al., 34 Okla. 120, 124 Pac. 608; In re Bohanan, 37 Okla. 560, 133 Pac. 44.

1. The guardian contends that the county court abused its discretion in refusing to allow him to accept the $12,000 bid ten days after the date of the confirmation of the sale on the bid of Freeland and before he signed the order of record, but we cannot agree with this contention. After the sale was made to C. L. Freeland, the guardian returned and filed in court his report showing his bid to be for $8,000. The court made an order fixing a certain day for hearing the return of sale and notice was given, as provided by law, and the court made an order confirming the sale. In this sort of case the law imposes absolute liability upon the purchaser for the amount of his bid. He cannot escape the consequences of his obligation, even though prior to receiving the guardian's deed the property may have depreciated in value. After the confirmation the purchase price becomes immediately due and payable and in a suit therefor the purchaser cannot defend upon the ground of misrepresentation of facts by the guardian. In re Standwaitie's Estate, 73 Oklahoma, 175 Pac. 542; Brown v. Thompson, 73 Oklahoma, 175 Pac. 931.

And if the purchaser is thus bound by his bid upon confirmation of the sale the court and the guardian should be bound by the same confirmation, even though the value of the property should increase, after confirmation and prior to the execution of the guardian's deed-

2. The guardian further contends that since the order of confirmation was signed on the 27th day of December, 1921, as of the 17th day of December, 1921, that the confirmation did not take place or was not complete until the 27th day on which the order was signed, but there is no merit in this contention. The testimony was that the matter was presented to the court on the 17th day of December, 1921, for confirmation and opportunity was given for other bids at that time and there were none and the court directed the attorney for the guardian to prepare the precedent for the order of confirmation and this completed. the confirmation of the sale and the written order was a formality that could have been complied with at that time or at a later date, which in this case, was on the 27th day of December, 1921. Neil v. Union National Bank, 72 Oklahoma, 178 Pac. 659; Black on Judgments (2nd Ed.) sec. 106; Boynton v. Crockett, 12 Okla. 57, 69 Pac. 869; Hirsh et al. v. Twyford, 40 Okla. 220, 139 Pac. 313; Mooney v. First State Bank, 48 Okla. 676, 149 Pac. 1173.

The guardian's contention has been answered by a full discussion of the subject in the circuit court of appeals of the 8th circuit in the case of Morrison v. Burnette, 154 Fed. 617.

In view of the testimony and the law applicable thereto, in this case, we are persuaded and hold that the district court of Creek county committed no error in approving and affirming the order of the county court of said county in the confirmation of the sale of the oil and gas royalties involved in the proceeding.

The judgment of the court below is affirmed.

By the Court: It is so ordered.