**CAMDEN FIRE INS. ASS'N v. WALKER et al.**

No. 14383—Opinion Filed March 31, 1925.

Rehearing Denied July 14, 1925.

1. **Insurance—Fire Policy—Action by Insured—Sufficiency of Petition Seeking to Cancel Appraisement of Loss.**

Where an insured brings action to recover upon a fire policy, and alleges the issuance of the policy and destruction of the property by fire in the life of the policy, and further alleges that after the loss occurred the insured and insurer entered into an agreement in conformity with a provision of the policy, to name appraisers to appraise sound value and damage, and such appraisement was made, and seeks to set aside the appraisement and recover the amount of the policy, such petition is not subject to a general demurrer for the reason that plaintiff has failed to allege ownership or an insurable interest in the property; and it is not error to overrule a demurrer or objection to the introduction of evidence based upon the absence of allegations of ownership.

2. **Same — Unfairness of Appraisement — Submission to Jury.**

Where the plaintiff's petition alleges facts sufficient to authorize the court or jury to disregard the appraisement because unfairly or fraudulently made, and plaintiff's evidence reasonably supports such allegations of the petition, it is not error to submit the question of fairness or lack of fairness of the appraisement to the jury.

3. **Same—Sufficiency of Instructions.**

Where the trial court in the instructions impartially submits the conflicting contentions as to the fairness or lack of fairness of appraisement to the jury, and advises the jury that if they should find by a preponderance of the evidence that the appraisement was unfairly or fraudulently made, they may disregard the appraisement in fixing the damages, but unless they so find by a preponderance of the evidence the plaintiffs are bound by the appraisement, the instructions are not erroneous.

4. **Same—Judgment for Plaintiff Sustained.**

Record examined, and held to support the judgment; and that it should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Nettie M. Walker and J. H. Walker against the Camden Fire Insurance Association, a corporation. Judgment for plaintiffs, and defendant appeals. Affirmed.

Geo. B. Rittenhouse and F. A. Rittenhouse, for plaintiff in error.

Simons, McKnight & Simons, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the defendant below, and the defendants in error were the plaintiffs. The parties will be designated herein as plaintiffs and defendant, as they appeared in the trial court.

The plaintiffs filed their suit in the district court of Garfield county on the 18th of October, 1922, against the defendant, seeking to recover the sum of $1,500, the full indemnity provided in a fire insurance policy issued by defendant in favor of the plaintiffs, insuring their property located in Enid, and which property was destroyed by fire on the 18th of October, 1921. It is also alleged in the petition that the question of amount of loss and damage was submitted to two appraisers, who fixed the amount of loss at $1,000, but the appraisement was not based upon information as to the loss, and was not the deliberate judgment of the appraisers, and was and is fraudulent and void. The petition seeks to set aside the appraisement and recover the full amount of the policy, the sum of $1,500.

The defendant demurred to the petition upon the grounds: (1) Misjoinder of parties plaintiff; (2) petition does not state facts sufficient to constitute a cause of action; (3) the petition shows upon its face that the action is barred by a limitation fixed in the policy as a part of the contract. The demurrer was overruled and exceptions reserved. The defendant answered by general denial except as to matters admitted, and corporate existence and authority to do business in Oklahoma, and issuance of the policy, are admitted. It is alleged in the answer that only a part of the property was destroyed and the loss did not exceed the sum of $700; that there was a disagreement over the amount of loss, and under the terms of the policy the matter was submitted to appraisers who acted under oath and assessed the loss at $1,000. The defendant seeks to limit the recovery to the amount of the appraisement. The plaintiffs replied to the answer by general denial.

The defendant moved for judgment on the pleadings; but the record does not disclose whether this motion was ever ruled upon by the trial court. It would seem that if it was not ruled upon by the trial court, it was abandoned and waived by going to trial. If it was passed upon the ruling must have been adverse to the defendant, and no exceptions seem to have been reserved of record.

The cause was called for trial on the 6th of February, 1923, and tried to a jury. Upon the calling of plaintiffs' first witness the defendant objected to the introduction of any testimony because plaintiffs' petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant. The objection was overruled and exceptions allowed. The trial resulted in a verdict and judgment for plaintiffs in the sum of $1,500. The defendant appeals and presents error under the following propositions:

(1) That plaintiffs' petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant.

(2) That plaintiffs' evidence upon the question of appraisement was insufficient to authorize the trial court to submit the question to the jury as to whether or not the appraisement was fairly and legally made.

(3) Instructions number five and six of the court's instructions were erroneous.

Under the first proposition, the objection made to the petition is that it nowhere alleges that the plaintiffs were the owners of the property, or owned an insurable interest therein at the time the insurance policy was bought from defendant; nor does it allege that plaintiffs were owners of the property or had an insurable interest therein at the time the fire occurred. The defendant cites many cases to the effect that it was necessary for the plaintiffs to allege and prove that they, were the owners or had an insurable interest in the property, both at the time the insurance policy was procured and at the time of its destruction by fire. The cases cited are: Firemen's Fund Ins. Co. v. Cox, 71 Okla. 97, 175 Pac. 493; Phenix Ins. Co. v. Moffit (Ind. App.) 51 N. E. 948; Draper v. Delaware State Grange Mut. Fire Ins. Co. (Del.) 91 Atl. 206; Northwestern Nat. Ins. Co. v. Southern States P. & F. Co. (Ga. App.) 93 S. E. 157; Dickerman v. Vermont Mut. Fire Ins. Co. (Vt.) 30 Atl. 809; Commercial Union Assur. Co. v. Dunbar (Tex. Civ. App.) 26 S. W. 628; Quarrier v. Peabody Ins. Co., 10 W. Va. 507; Harness v. Nat. Fire Ins. Co., 62 Mo. App. 245; Clevinger v. Northwestern National Ins. Co., 71 Mo. App. 73; Aetna Ins. Co. v. Kittles et al., 81 Ind. 96; J. S. Scott & Sons v. Phenix Ins. Co., 65 Mo. App. 75; German Ins. Co. v. Everett (Tex. Civ. App.) 36 S. W. 125; Alamo Fire Ins. Co. v. Davis (Tex. Civ. App.) 45 S. W. 604; Chrisman v. State Ins. Co. (Ore.) 18 Pac. 466; and Hardwicke v. State Ins. Co. (Ore.) 26 Pac. 840.

It seems that the cases cited support the contention made. An examination of the plaintiffs' petition shows that it does not directly allege that the plaintiffs were the owners or had an insurable interest in the property either at the time the insurance policy was issued, or at the time the property was destroyed by fire. If there had been no other allegations in the petition than that the policy had been issued and the destruction of the property by fire, to the damage of the plaintiffs, it would seem that the petition would be insufficient and open to the objection made, and the demurrer should have been sustained; but the plaintiffs' pleading goes further than that. In addition to pleading the contract of insurance and the destruction of the property by fire, it also pleads that a disagreement arose, not over the ownership of the property, but over the amount of the plaintiffs' damages, and appraisers had been appointed to fix the sound value and damage; and an appraisement had been unfairly and fraudulently made. It would seem that the only question involved was the amount of the plaintiffs' damages. The fact that the insurer had joined the insured in an agreement to name appraisers to fix the plaintiffs' damages, had the effect of eliminating the question of ownership of the property, or had the effect of admitting that the only matter to be determined was the amount of the damages. The issue tendered by the petition was whether the plaintiffs were entitled to $1,500, the amount fixed in the policy, or whether they should be bound by the amount of damages fixed in the appraisement. The demurrer to the petition had the effect of admitting that the policy had been issued by the defendant to plaintiffs, that the property had been destroyed by fire to plaintiffs' damage while the policy was in force and effect, and an agreement had been entered into by, and under which appraisers were appointed and an amount fixed by them as plaintiffs' damages. Every legitimate inference would be indulged in favor of the pleading for the purposes of considering the demurrer. The policy, by express terms, made it void unless the plaintiffs were the unconditional owners of the property destroyed, and unless the plaintiffs were the owners of the land, in fee simple, on which the building stood. The agreement to appraise the damages eliminated every question except the amount of the damages. This was the situation presented at the time of consideration of the defendant's demurrer. The only question presented by the demurrer was whether or not the plaintiffs had stated facts sufficient to set aside the award made by the appraisers. The matter of ownership

had been eliminated by the agreement to appraise the damages, unless defendant should choose to put the question of ownership in issue by some affirmative allegations in its answer for that purpose. It is alleged in the petition that no umpire was appointed, that the appraiser for the defendant misrepresented the facts about the property and intimidated the plaintiffs' appraiser into signing an appraisement which was not, in fact, the deliberate judgment of the appraisers; and the appraisement signed was not an honest appraisement and does not represent the honest and true sound value of the building, or the amount of the plaintiffs' loss, and is fraudulent and void. We think the allegations of the petition were sufficient to withstand the defendant's demurrer. Under the defendant's answer no issue of ownership was made. The defendant, by its answer, relied upon the regularity of the appraisement, and tendered and offered to pay the amount named in the appraisement, and admitted an indebtedness of $1,000. Thus, the only issue made by the pleadings of the opposing parties was whether or not the plaintiffs should recover $1,500, the amount of the policy, or be limited to the amount of recovery to the $1,000 fixed in the appraisement. This was the issue made and the situation presented at the time the objection was made to the taking of testimony. It was not error to overrule the defendant's demurrer to the plaintiffs' petition, nor was it error to overrule the defendant's objection to the taking of testimony in support of the petition.

If there was any defect in the petition in failing to allege ownership of the property, it was cured in the plaintiffs' evidence. One of the plaintiffs testified, without objection, that plaintiffs owned the property at the time of its destruction, and had owned it for about four years; and this was not disputed nor questioned. The fire occurred on October 18, 1921, and the policy was issued in April, 1921, so it seems to have been satisfactorily proven that plaintiffs owned the property when the policy was issued and when the property was destroyed.

The defendant also insists that the petition shows upon its face that the action was barred by the terms of the policy, which provides that action shall be brought within 12 months next after the fire. The allegation is that the fire occurred on the 18th of October, 1921. The suit was filed on October 18, 1922. Under our statute, section 884, Comp. St. 1921, in counting the time the day of the fire would be excluded, so the 12 months began to run on the 19th of Oc-

tober, 1921. The action was commenced within 12 months next after the fire.

The defendant insists that there is no evidence in the record tending to invalidate the appraisement of the sound value and loss, made by the two appraisers, so as to authorize the trial court to submit to the jury the question of whether or not the appraisement was properly and fairly made. The policy provides:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company, each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss"

There was disagreement and two appraisers were chosen, but without first naming the third or umpire, proceded to fix sound value at $2,000, and damage and loss at $1,000. The testimony tends to show that the two appraisers made a view of the burned premises, and without getting definite information as to sound value or making estimates of the loss, and without any information from the property owners, in effect guessed off the sound value at $2,000, and the damage at $1,000. Other evidence tends to show that the sound value of the property was around $3,000 with a 90 per cent. loss. The appraiser for the insured himself testified upon the trial that in his judgment the sound value of the property was from $2,500 to $3,000; and the testimony shows that the salvage from the building sold for $125. It seems to us that there was ample in the testimony to make it a question of fact for the jury as to whether or not the appraisement of sound value and damage was fairly and in good faith made. In 19 Cyc. pp. 877-8, the rule is laid down governing such appraisements to be as follows:

"The appraisers or arbitrators should receive evidence on which to base their findings. They may, call in the aid of third persons skilled in determining the particular kind of damage involved, or, if they are themselves experts, they may make use of their expert knowledge without calling in the assistance of others."

Neither of the appraisers here was an expert in determining sound value or damage, and no aid was secured from anybody to determine the matter. After a few minutes inspection of the burned premises, the appraiser for the defendant announced the ul-

timatum of $1,000 damage and the other appraiser could take it or leave it as he liked; and the other appraiser, with no more information, acceded to it. In Jones v. Orient Insurance Co., 184 Mo. App. 402, 171 S. W. 28, the rule was announced that:

"An award may be disregarded if the arbitrators are guilty of bad faith, partiality or misconduct, substantially affecting the result.

"Fraud or bad faith can rarely be proved by direct evidence expressly asserting that fact. Many times it appears only as an inference to be drawn from the acts and conduct of the persons charged therewith and the necessary result of the misconduct charged and shown. The question of partiality, bad faith, or fraud having been submitted to the jury, its verdict must be sustained, if there is substantial evidence to support it."

The evidence of bad faith in fixing the plaintiffs' loss and damage at $1,000 was sufficient to authorize the court to submit the question to the jury, and sufficient to support the conclusion of the jury that the appraisement had not been fairly made.

The defendant complains of the court's instructions number five and six. In instruction number five the court submitted to the jury the conflicting contentions with reference to failure of the appraisers to name an umpire and with reference to whether or not the appraisement of sound value and loss was fairly made. In instruction number six, the court advised the jury that the failure of the appraisers to name an umpire would not, of itself, vitiate the appraisement, but submitted to the jury the question of whether or not the appraisement was fairly made, or whether or not the appraisers acted in good faith in fixing the plaintiffs' loss, advising the jury that if they found from a preponderance of the evidence that the appraisers did not act in good faith in fairly appraising the loss, they might disregard the award. The instructions are not erroneous. They fairly and impartially submitted the issues made and left the matter for the jury to determine. The jury resolved the matter in favor of the plaintiffs and the evidence reasonably supports the verdict.

The judgment is based upon the verdict.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.