JACOB COHEN, PLAINTIFF-RESPONDENT, v. PEOPLES NATIONAL FIRE INSURANCE COMPANY ET AL., DEFENDANTS-APPELLANTS.

Argued January 18, 1927—Decided June 27, 1927.

**Insurance—Fire—District Courts—Appeals—Defendant Insurance Companies Paid Into Court the Amount of the Respective Judgments, but Filed No Appeal Bonds According to Statute—Held, That This was Necessary to Insure Jurisdiction—Further, the Merits of the Case Were Discussed and an Affirmance on the Merits Indicated.**

On appeal from judgments of the District Court of the city of Trenton.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Joseph T. Lieblich.*

For the respondent, *Grossman & Kwalich* and *Michael H. Feldman.*

PER CURIAM.

This is an appeal upon one record of four judgments obtained by Jacob Cohen against the following insurance companies: (1) Peoples National Fire Insurance Company, (2) Globe and Rutgers Fire Insurance Company, (3) Concordia Fire Insurance Company, and (4) Milwaukee Mechanics' Insurance Company. The four suits were tried together in the Trenton District Court. The evidence in each suit was the same.

The respondent claims that four records should be presented in this court. We do not favor this contention. We see no reason why the same testimony should be printed four times. The actions were consolidated for trial by order of the Trenton District Court. An order was made by this court that the appeals be heard upon one record. We see no impropriety in such an order. Appeals should not be made more expensive to the appellants than is reasonable necessary.

The respondent raises in his next point a jurisdictional question. The defendants below paid the amount of the respective judgments to the clerk of the Trenton District Court. They filed no appeal bond or bonds to cover the costs of the appeals. We think it was necessary for the appellants to do this to maintain their standing in this court. Section 213 of the District Court act (1911-1924 Supplement to Compiled Statutes of New Jersey, at page 983) provides that if either party in any action in any District Court shall be dissatisfied in point of law or upon the admission or rejection of evidence, such party may appeal from the same to the Supreme Court, if such party shall, within twenty days after such determination, give notice of such appeal to the other party and enter into a bond to the other party with sufficient surety, to be approved by the District Court judge, for the costs of the appeal and for double the amount of the judgment rendered, conditioned, &c.; nevertheless, such security, so far as regards the amount of the judgment, shall not be required in any case where the judge shall permit the party appealing to pay the amount of such judgment into the hands of the clerk, and the same shall have been paid accordingly. This language can in no way, we think, be construed so as to dispense with a bond for the payment of costs on the appeal. While the bond may be conditioned for double the amount of the judgment and the costs of the appeal, and the former may be eliminated by the payment of the amount of the judgment into the District Court, yet, the statute does not, if the amount of the judgment be deposited, eliminate the requirement of the bond. It was admitted on the argument that no bond was filed in this case. This leaves this court without jurisdiction to entertain the appeals. In *Seiler* v. *Simpson,* 76 *N. J. L.* 450, it was held that until an appeal from a District Court has been perfected by due notice of appeal and the filing and approval of an appeal bond, the Supreme Court does not acquire jurisdiction of the proceedings. It follows that the appeals should be dismissed.

This makes it unnecessary to consider the merits of the appeals. If we did we would be in favor of the affirmance of

the judgments below. The plaintiff, Jacob Cohen, was insured in five insurance companies. The four above mentioned and a fifth, known as the New Zealand Insurance Company, Limited. Cohen conducted a men's furnishing store in Elizabeth, New Jersey. On November 12th, 1922, a fire occurred in the store. Cohen employed one Marcus Robbins to adjust the loss. The insurance companies designated one Philip Fuerstein to act for them. The two adjusters fixed the loss at $11,150. They then apportioned this sum between the five companies. The portion to be paid by the New Zealand company was fixed at $1,338. The New Zealand company then denied its liability. Drafts from the other four insurance companies had been forwarded to the plaintiff. It was agreed by these insurance companies through Fuerstein that Cohen should use the drafts, and if the New Zealand company escaped liability the proportion of the New Zealand company would be prorated among the four companies which admitted liability and paid to Cohen. This arrangement was carried out. The New Zealand company ultimately won its case. 100 *N. J. L.* 110. Cohen thereupon asked the four insurance companies to pay to him the amount apportioned to the New Zealand company. They refused to pay. The four suits in the Trenton District Court were then instituted.

The insurance companies set up that Fuerstein had no authority to make the agreement. This was contradicted and became in the case a disputed question of fact. The District Court held that Fuerstein had authority to make the agreement. The insurance companies also contended that the District Court actions were *res adjudicata.* A defense of *res adjudicata* must show an identity of the causes of action. There was no identity of the causes of action because the claims of Cohen originally were against the insurance companies on their respective policies. In the present case the suits of Cohen against the insurance companies were based upon the agreement of settlement. There was therefore no identity of the subject-matter. The defense of *res adjudicata* was unavailing.

The order of the court is that the appeals be dismissed.