## WATSON v. YAWITZ.

No. 18779. Opinion Filed Dec. 18, 1928. Rehearing Denied Jan. 8, 1929.

Sam H. Butler, for plaintiff in error.

John C. Head, J. R. Connell, and Ledbetter & Hudson, for defendant in error.

FOSTER, C. This action was commenced in the district court of Carter county to cancel a guardian's deed. The petition alleged that Sam Watson, as guardian, sold certain interest in real estate belonging to his minor children, who are all Choctaw Indians, through guardianship proceedings in the county court.

The petition shows upon its face that the order of sale was made on February 12, 1923. Pursuant thereto, the property was sold on February 2, 1924, and confirmed by the court on February 12, 1924, and the deed issued February 23, 1924. A demurrer was sustained to this petition, and the sole question presented by this appeal is whether or not the sale was had within one year, as provided by section 1479, C. O. S. 1921, which is as folows:

"No order of sale granted in pursuance of this article (chapter) continues in force more than one year after granting the same, without a sale being had."

It seems clear that the order of confirmation was made within one year, as provided for in sections 3557 and 884, C. O. S. 1921.

However, it is the contention of the plaintiff that, since the deed was not issued until more than one year, the same became void under section 1479, supra. In support of this contention, the plaintiff cites Cummings v. Inman, 119 Okla. 9, 247 Pac. 379; Patterson v. Joines, 114 Okla. 9, 244 Pac. 585; but in each of these cases, the statutory period had expired before the order of confirmation was made.

Plaintiff also relies upon many cases from our court which hold that, in the sale of a minor's property, and especially in the sale of property belonging to members of the Indian tribes, the court should be diligent in seeing that minors are protected. But in this class of cases some fraud is usually shown or some statute has not been followed, neither of which appears in the case at bar.

In the case of Shoals v. Freeland, 91 Okla. 238, 217 Pac. 176, it is held that a guardian's sale, after the same is confirmed by the court, makes an absolute liability upon the purchaser to pay the amount which he bid; he cannot escape the consequences of his obligation, even though after the property is bid in and confirmed, the same depreciates in value; and it also holds that, on the contrary, where property increases in value after the confirmation is had, the guardian cannot have the sale set aside.

In the case of Morrison v. Burnette, 154 Fed. 617 (Eighth District) it is held that, after the confirmation of a judicial sale, neither inadequacy of price, nor offers of better prices, nor anything but fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding confirmation of the sale or in opening the latter and receiving subsequent bids.

We believe that, at the confirmation of the sale by the county court, the sale is complete; and where it appears, as in the case at bar, that the confirmation was had within one year from the time the order of sale was issued, the same was within time as prescribed by section 1479, supra.

Section 1284, C. O. S. 1921, provides that where, after confirmation, the purchaser at a guardian's sale neglects or refuses to comply with the terms of the sale, the guardian may on motion have the sale set aside and a resale ordered.

But we do not believe that this section applies to the case at bar. There is no allegation that the purchaser failed to comply with the terms of the sale, nor did he fail to pay for the property. We believe that the provision allowing the guardian to have the sale set aside and a new sale ordered, is a right which the guardian has upon failure of the purchaser to comply with the terms of the sale, but that the guardian, under the cases above cited, could compel the purchaser to make payment without filing a motion to set aside the confirmation as provided in the section last cited.

The confirmation completes the sale, and if a deed is thereafter issued and the money paid, which in the case at bar appears to have been done, the sale will be completed as of date of confirmation.

We therefore conclude that the judgment of the trial court should be and is hereby affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.