## THOMAS v. KINNEY et al.

No. 19847. Opinion Filed April 7, 1931.

Rehearing Denied May 5, 1931.

E. I. Wakeman, for plaintiff in error.

C. H. Baskin, for defendants in error George W. Kinney and Frank Meadors.

T. J. Flannelly, Paul B. Mason, Forrest M. Darrough, and Anglin & Stevenson, for defendant in error Prairie Oil & Gas Company.

HEFNER, J. John Thomas, the plaintiff in error, as plaintiff, brought this suit against George W. Kinney and others to recover an undivided one-half interest in the southeast quarter (S. E. ¼) of section five (5), township 9 north, range 10 east.

While the plaintiff was a minor his guardian sold his interest in the land. The principal allegations in reference to the cause of action are stated in the 5th and 6th paragraphs of the petition, and they are as follows:

"5. For cause of action plaintiff respectfully represents and shows to the court that in probate case No. 928, and 540, county court of Hughes county, Okla., Johnson Tiger, as the legal guardian, attempted to sell the interest of said plaintiff in said tract of land; that the decree of sale was granted on the 16th day of December, 1910; that it was not confirmed until the 25th day of March, 1911, and the pretended guardian's deed was executed thereafter; attached hereto is a certified copy of decree of sale, confirmation of sale, and the guardian's deed, and made a part of this petition.

"6. Plaintiff further alleges that, under the law, an order of sale remains in full force and effect only one year, and that since the guardian's deed was not executed for more than one year thereafter, the guardian was without power and authority to execute the same, and that the pretended guardian's deed is therefore void."

The trial court sustained a demurrer to plaintiff's petition and entered judgment against him.

No fraud is charged, and it is admitted that the guardian was regularly appointed and that the probate proceedings in the sale of the land are regular. The only contention made by plaintiff is that the guardian's deed was not executed and delivered within a year from the date of the order of sale. The order of sale was dated the 10th day of December, 1910. The sale was confirmed on the 25th day of March, 1911, but the guardian's deed was not executed and delivered until more than a year had elapsed from the date of the order of sale. A period of about 16 years intervened after the delivery of the deed before suit was brought to recover the land. In his petition plain-

tiff alleges that large quantities of oil and gas have been produced from the land.

For a purchaser to acquire title at a guardian's sale, is it necessary for the consideration to be paid and the guardian's deed delivered within one year from the date of the order of sale? This is the only question necessary for our determination in this appeal. Section 1479, C. O. S. 1921, is as follows:

"No order of sale granted in pursuance of this article (chapter) continues in force more than one year after granting the same, without a sale being had."

After the order of sale was entered the land was advertised for sale and was sold, and the order confirming the same was entered before the expiration of one year from the date of the order of sale. There are cases which correctly hold that where the land is advertised and sold after the expiration of one year from the date of the order of sale, such sales are void; such is not this case.

Suppose after the confirmation of sale had been entered the value of the land greatly decreased and the purchaser neglected to make payment for the land within a year of the date of the order of confirmation, and after the year had passed he refused to comply with his contract to purchase the land and defend on the ground that the sale had not been consummated within one year from the date of the order of the sale and for that reason the sale was void. Would that be a good defense? We think not.

Surely it could not be contended that a purchaser at a sale of this character could relieve himself of liability by causing a delay in the delivery of the guardian's deed for more than one year after the date of the order of sale. In Freeman, Void Judicial Sales (4th Ed.) par. 44, p. 143, this language appears:

"Hence, after the confirmation, the purchaser's liability is established, and he can no longer assert, while the order of confirmation remains unvacated, that the sale was not made, nor that it included property different from that shown by the report or confirmation, nor that the title was defective, nor that reasons existed for releasing him from his bid, nor any other matter inconsistent with the order of confirmation."

After the order of confirmation by the county court had been entered, certain mutual rights and liabilities at once attached. The purchaser was bound to pay the purchase price, and if he refused to do so, suit could be maintained against him for the price. On the other hand, if the guardian refused to deliver the deed, the purchaser could maintain a suit to compel the delivery of the deed.

In the case of Shoals v. Freeland, 91 Okla. 238, 217 Pac. 176, this court said:

"In this sort of case the law imposes absolute liability upon the purchaser for the amount of his bid. He cannot escape the consequences of his obligation, even though prior to receiving the guardian's deed, the property may have depreciated in value. After the confirmation, the purchase price becomes immediately due and payable, and in a suit therefor the purchaser cannot defend upon the grounds of misrepresentation of facts by the guardian."

A similar case was before the Eighth Circuit Court of Appeals in the case of Morrison v. Burnette, 154 Fed. 617. This was a case that arose in the Indian Territory before statehood. Judge Sanborn, speaking for the court, said:

"From thenceforth the court and the successful bidder occupy the relation of vendor and purchaser in an executed sale, and nothing is sufficient to avoid it which would not set aside a sale of like character between private parties. Hence the rule is settled, and it seems to be universally approved, that, after confirmation of a judicial sale, neither inadequacy of price, nor offers of better prices, nor anything but fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding the confirmation of the sale or in opening the latter and receiving subsequent bids."

After the confirmation nothing but fraud, accident, mistake, or some other cause for which equity would avoid a sale between private parties will warrant a court in avoiding the confirmation of the sale.

The requirement of section 1479, supra, is that the land must be advertised for sale and sold within one year from the date of the order of sale. It does not mean that the guardian's deed must be delivered within the year, nor does it necessarily mean that the purchase price must be paid within the year.

The syllabus in the case of Watson v. Yawitz, 135 Okla. 28, 273 Pac. 224, is as follows:

"Where the proceedings are otherwise in conformity to law, an order made on February 12, 1924, confirming a guardian's sale of real estate, pursuant to an order of sale made on February 12, 1923, is a valid order and within the time as prescribed in section 1479, C. O. S. 1921; and a guardian's deed

issued pursuant thereto passes tit.e to the said real estate, although not signed and delivered until February 23, 1924."

In the body of the opinion it is said:

"We believe that, at the confirmation of the sale by the county court, the sale is complete; and where it appears, as in the case at bar, that the confirmation was had within one year from the time the order of sale was issued, the same was within time as prescribed by section 1479, supra. * * *

"The confirmation completes the sale, and if a deed is thereafter issued and the money paid, which in the case at bar appears to have been done, the sale will be completed as of date of confirmation."

We think the allegations in plaintiff's petition bring his case clearly within the rule announced in the Watson Case. In that case the order of confirmation of sale was entered on the 365th day after the date of the order of sale and the deed was not executed and delivered until February 23, 1924, which was more than a year after the date of the order of sale. The court correctly held that the sale was not void.

Suppose when the deed was tendered to the purchaser in the Watson Case on the 23rd day of February, 1924, that he had refused to accept the same and to pay the consideration therefor on the ground that the sale was void because the deed had not been tendered to him within the year from the date of the order of sale. It may have been no fault of his that the deed was not tendered to him before that date. Surely no court would hold that he could not be compelled to pay the purchase price because the deed was not tendered to him within a year from the date of the order of sale. If he could not make this defense, then the plaintiff could not recover in the case at bar because the deed was not executed and delivered before the expiration of a year from the date of the order of sale. There is not even an allegation in plaintiff's petition that the deed was tendered within a year, nor that it was any fault whatsoever of the purchaser that the consideration was not promptly paid after the order of confirmation had been entered. The deed was doubtless tendered by the guardian to the purchaser on the 26th day of November, 1912. The consideration was accepted, the guardian has been discharged and all parties seem to have been satisfied with the transaction for a period of 16 years. There is no allegation of fraud. accident, mistake, or any other cause that would give a court of equity jurisdiction.

The trial court committed no error in sustaining the demurrer to the plaintiff's petition, and its judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J., absent.