FRED KIESOW, Jr., BY NEXT FRIEND, ET AL., RESPOND-
ENTS, v. NEW JERSEY AND NEW YORK RAILROAD
COMPANY, APPELLANT.

Argued and Submitted at May term, 1933—Decided October 13, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Edward A. Markley* and *Howard F.
McIntyre*.

For the respondents, *Nathan Goldman*.

PER CURIAM.

No. 454 is the appeal proper, and No. 472 is a motion to
dismiss the appeal. No. 454 was submitted without argument
subject to the motion, and we have only the brief for appel-
lant. The motion to dismiss was argued by both sides but
briefed only by respondents.

The action arose out of an accident at a railway crossing,
in which the infant plaintiff was injured, apparently slightly,
as the verdict in his favor was for $125 and in favor of his
father, who sued *per quod*, was for $29. While the expense of
prosecuting the appeal even successfully must amount to
considerably more than is needed to pay the judgment, the
moral as well as legal right to a review is indubitable. How-
ever, counsel taking an appeal in such a small case are held
to the same duty of diligence and correct practice as in a large
one. By the statute as amended in 1915 (*Pamph. L., p.* 549;
*Cum. Supp. Comp. Stat.* 1924, *p.* 983), the right of appeal
is conditioned upon the appellant entering into bond to be
approved by the judge, within twenty days after the "deter-
mination or direction" with which appellant is "dissatisfied."

This condition of the statute was not met. The trial and judgment were on February 3d; the bond was approved and filed March 8th, or thirty-three days thereafter. It was intimated at the argument of the motion, subject to contradiction, that respondent waived the right to take advanage of the delay. It was further intimated that the waiver was in writing, but such writing was not produced nor was its absence satisfactorily explained. Consequently we should not take notice of it. Section 11, Practice act 1903 (revision of 1877, page 850, section 14; 1 *N. J. L.* xii). For want of a proper bond the appeal must be dismissed. *Cohen* v. *Peoples Insurance Co.,* 5 *N. J. Mis. R.* 700; 138 *Atl. Rep.* 112. See *Seiler* v. *Simpson,* 76 *N. J. L.* 450; 69 *Atl. Rep.* 971.

This disposes of the case. We may add that of the four grounds of appeal, the first is faulty as containing two propositions of law, one of which is sound. *State* v. *Bove,* 98 *N. J. L.* 350; 116 *Atl. Rep.* 766; *affirmed,* 98 *N. J. L.* 576; 119 *Atl. Rep.* 926. The fourth is too general to point out any ruling of the trial court. The second is similar in character. As to the third, the action of the trial judge merits criticism. One fundamental dispute of fact in the case was whether the flashlights on the crossing were working or not. After defendant's counsel had examined one or two witnesses on the point, he stated that he had at least twelve more witnesses. "The court: I refuse to permit you to call them." (Exception prayed and allowed.)

Assuming what is not entirely plain, that these twelve witnesses were to testify on the material point and exonerate defendant of negligence, particularly as contributory negligence was not in the case because plaintiff was a mere passenger on his employer's truck, it was plainly the duty of the court to allow counsel to call them. See *Dierkes* v. *Hauxhurst Land Co.,* 80 *N. J. L.* 369, 374; 78 *Atl. Rep.* 361. But if there was error, the case is not before us in such wise as to permit a review of it. For the reason above given the appeal will be dismissed.