JAMES A. PENDLEBURY, PLAINTIFF-APPELLEE-CROSS-APPELLANT, v. PASSAIC VALLEY SEWERAGE COMMISSION, DEFENDANT-APPELLANT.

Submitted May 1, 1945—Decided October 22, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the defendant-appellant, *Louis Auerbacher, Jr.*

For the plaintiff-cross-appellant, *Charles Blume.*

The opinion of the court was delivered by

PERSKIE, J. The appeal and cross-appeal from judgments of the Second Judicial District Court of Essex County present both a substantive and a procedural question for decision. The substantive question is whether plaintiff, an employee of Passaic Valley Sewerage Commission, is entitled to the bonus and to the salary covering a period beyond his actual employment. The procedural question is whether the Supreme Court has jurisdiction to entertain a cross-appeal when no appeal bond has been filed by the "cross-appellant."

Plaintiff sought to recover the unpaid portion of a $240 bonus and his salary for the month of May, 1944, both allegedly due and owing to him by the defendant. The suit was before the trial judge sitting without a jury. The record

discloses that pursuant to a resolution passed November 17th, 1937, defendant, a public corporation formed under statute— R. S. 58:14–2—employed plaintiff as a "helper" at a weekly salary of $44.77, the employment "to continue during the pleasure of the commissioners." Approximately four years later, on December 31st, 1941, again by appropriate resolution, plaintiff's salary was increased to $47.50 per week. This resolution likewise provided that plaintiff's employment was "to continue during the pleasure of the commissioners." Subsequently, on December 8th, 1943, the defendant authorized the payment of a bonus of $240 to a group of its employees of which plaintiff was one, the bonus being payable in equal quarterly installments of $60 each on March 31st, 1944, June 30th, 1944, September 30th, 1944, and December 31st, 1944. Finally, on May 2d, 1944, again by resolution, plaintiff was removed from his employment, the "removal to take effect on the passage of" the resolution. Plaintiff had been paid the installment of the bonus due on March 31st, 1944, and, upon his dismissal, was tendered only his salary for the period ending May 2d, 1944, which date was in the middle of his working week. He sought, as indicated, to recover the full bonus, and salary for the entire month of May, 1944. The trial judge concluded that plaintiff was entitled to no additional bonus installments, but that he was entitled to his salary for the full week during which the resolution terminating his employment was passed and also his salary for an additional week on the theory that he should have been given one week's notice of the termination of his employment. Judgment was entered accordingly. Defendant perfected an appeal from the judgment below which awarded plaintiff salary in excess of that tendered to him. Plaintiff filed a notice of appeal and a specification of determinations with which he was dissatisfied relating to his failure to recover any additional bonus installments and to his failure to recover a month's wages. Plaintiff, however, did not file a bond and thus did not perfect his "cross-appeal." A motion has been made to dismiss the cross-appeal on that ground. We thus come to the consideration of the substantive question first stated as requiring decision.

*First:* As to defendant's appeal in Nos. 404/421. We think the trial judge erred. The defendant corporation is the creature of statute (*R. S.* 58:14–2, *et seq.*); it is a "body politic," and "arm of the state." *Brickett* v. *Lagay,* 133 *N. J. L.* 155; 43 *Atl. Rep.* (*2d*) 510. Its rights, powers and duties have been delineated, conferred and prescribed by the legislature. We cannot enlarge its powers, nor restrict its rights where, as here, the legislative mandate is clear and unambiguous. *Sweeney* v. *Stevens,* 46 *N. J. L.* 344. Defendant has been authorized to hire employees, prescribe their duties "and remove them at pleasure." *R. S.* 58:14–6. If, as appears to have been the situation in the case at bar, the defendant did not see fit to give any notice of the termination of plaintiff's employment, we cannot in the face of the statute, compel the giving of any such notice, nor impose any liability for the failure to give such notice. The fact that defendant is a public corporation with powers fixed and prescribed by statute distinguishes this case from the line of cases of which *Beach* v. *Mullin,* 34 *N. J. L.* 343, and *Lyons* v. *Pease Piano Co.,* 92 *Id.* 592; 107 *Atl. Rep.* 66, are typical. Plaintiff was entitled to no salary beyond the date of his dismissal.

*Second:* As to cross-appeal in case No. 423. We think the motion to dismiss the cross-appeal should be granted. An appeal bond is required by statute. *R. S.* 2:32–206. The right of appeal exists only upon compliance with that statute. *R. S.* 2:32–204. The statutory requirement that appellant enter into an appeal bond is jurisdictional. The failure to satisfy that requirement is fatal. *Delaney* v. *Burcklee,* 57 *N. J. L.* 323; 30 *Atl. Rep.* 809; *Seiler* v. *Simpson,* 76 *N. J. L.* 450; 69 *Atl. Rep.* 971; *Cohen* v. *Peoples National Fire Insurance Co.,* 5 *N. J. Mis. R.* 700; 138 *Atl. Rep.* 112; *Kiesow* v. *New Jersey and New York Railroad Co.,* 11 *N. J. Mis. R.* 847; 168 *Atl. Rep.* 675.

Accordingly, in cases Nos. 404/421 the judgment of the District Court is reversed and a judgment is entered in favor of defendant, with costs. See *R. S.* 2:32–214. In case No. 423, the motion to dismiss the "cross-appeal" is granted, with costs.