**S. J. SARKEYS, Plaintiff in Error,**

v.

**Fred MARTIN, Frank Cirar, Jr., and Grace Cirar et al., Defendants in Error.**

**No. 36384.**

Supreme Court of Oklahoma.

July 19, 1955.

Arnote, Arnote, Bratton & Sadler, Mc-Alester, for plaintiff in error.

Bob Perdue, Wilburton, and Spradling & Moores, Tulsa, for defendants in error.

WILLIAMS, Vice Chief Justice.

This action was commenced by S. J. Sarkeys, hereinafter referred to as plaintiff, on April 18, 1950, against Frank Cirar, Jr., and others, hereinafter referred to as defendants, to quiet title to certain real property situated in Latimer County, Oklahoma.

On May 23, 1950, defendants Frank Cirar, Jr. and Grace Cirar filed a special appearance and motion to quash summons and a motion to require plaintiff to tender taxes, penalties, interest and costs. So far as the record reveals these motions were never passed on by the court and no further pleadings appear to have been filed by said defendants. On May 25, 1951, defendants Fred Martin and J. J. Schuman filed an answer and cross-petition. The record does not reveal the filing of any other pleadings by any of the defendants.

On September 23, 1953, the case came on for trial pursuant to the previous order of the court. Appearances were entered in behalf of plaintiff and the defendants Frank Cirar, Jr., Board of County Commissioners of Latimer County and Roy L. Roden, County Treasurer of Latimer County. All other defendants failed to appear and were adjudged in default by the court. After the opening statements of counsel and the calling of plaintiff's first witness, defendant Frank Cirar, Jr., objected to the introduction of any evidence on the grounds that plaintiff's cause of action was barred by the statute of limitations contained in 12 O.S. 1951 § 93. Such objection was sustained and that ruling is assigned as error in this appeal.

■ An objection to the introduction of any evidence is equivalent to a demurrer to the petition. S. J. Groves & Sons Co. v. Oklahoma City, 191 Okl. 276, 129 P.2d 185; Schmeusser v. Schmeusser, 181 Okl. 18, 72 P.2d 378; Schultz v. Jones, 3 Okl. 504, 41 P. 400.

■ Plaintiff's petition alleges ownership of the property involved and seeks the cancellation of certain tax deeds outstanding against the property on the grounds that such tax deeds are void for various specified reasons. The action, then, is actually one

for the recovery of real property sold for taxes. The applicable statute of limitations is that found in 12 O.S.1951 § 93, which reads in pertinent part, as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter; * * *.

"3. An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed. * * *

"(6) Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date."

The foregoing statute became effective on April 18, 1949. Plaintiff filed this action and procured the issuance of summons on April 18, 1950. Plaintiff's cause of action, having accrued prior to the passage of the foregoing statute, was not barred until the expiration of one year from and after April 18, 1949, the effective date of the Act. Applying the rule that the time within which an act is to be done shall be computed by excluding the first day and including the last, as provided by 12 O.S.1951 § 73, it is apparent that plaintiff's cause of action would not have become barred by limitations until April 19, 1950. Since the petition herein was filed and summons issued on April 18, 1950, plaintiff's cause of action was not barred by the statute of limitations, and the court erred in holding that it was. Camden Fire Insurance Association v. Walker, 111 Okl. 35, 238 P. 462; Watson v. Yawitz, 135 Okl. 28, 273 P. 224.

Defendant does not dispute the correctness of the foregoing with reference to the computation of time of limitation, but argues that the judgment of the trial court, although based on an erroneous reason, should not be disturbed because it is actually correct on the entire record for another reason. Defendant contends that an action to quiet title where one is out of possession of the real property involved, will not lie unless joined with an action to recover possession, and that since plaintiff admits, by his pleadings, that he is not in possession of the property involved and did not join with this action an action in ejectment, he cannot recover in any event.

It is true that an action to quiet title by one out of possession will not lie unless joined with an action to recover possession. 12 O.S.1951 § 1141; Stewart v. Seigle, Okl., 274 P.2d 395. Plaintiff's petition herein alleges that he is the owner of and entitled to the possession of the real property involved; that defendants claim such property under certain tax deeds which are void because the taxes for which the land was purportedly sold had all been paid, and other reasons, and prays that plaintiff's title be quieted and for such other relief as may be proper. In his second cause of action plaintiff prays for damages for the wrongful withholding of possession of the property. Under our holdings in Koch v. Deere, 50 Okl. 783, 150 P. 1102, and Exchange Trust Co. v. Godfrey, 128 Okl. 108, 261 P. 197, such petition is sufficient to state a cause of action for the recovery of real property and to quiet title thereto. We therefore find no merit in defendant's contention. It might also be noted that plaintiff's amended petition, contrary to the assertion in defendant's brief, contains a specific prayer for the recovery of possession of the property; and the original petition itself was certainly sufficient to withstand a demurrer.

Reversed and remanded with instructions to grant a new trial.

WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

ARNOLD and BLACKBIRD, JJ., dissent.