**McALESTER GAS & COKE CO. v. CORPORATION COMMISSION et al.**

No. 15162—Opinion Filed March 13, 1924.

(Syllabus.)

1. **Courts—Supervisory Control of Supreme Court—Unreasonable Delay in Public Utility Rate Case in Corporation Commission.**

In case where a public utility has prop-

erly, sufficiently, justly, and lawfully instituted proceedings before the Corporation Commission for an increase of its rates and charges, and alleges that its present rates are confiscatory and deprive it of due process of law, the Corporation Commission, upon assuming jurisdiction over the cause, is required by law to proceed with a hearing on said case and to make a final determination of the issues, and in so doing, it must not, without the consent or fault of the utility, permit unnecessary, unreasonable, unjust, or unjustifiable delay. If it permit such delay in the conduct of the proceedings or in making its final determination of the issues, this court, in a proper case and upon its jurisdiction being lawfully invoked and upon just, clear, and convincing proof, will by a proper writ of supervisory control, compel the Corporation Commission to proceed and make its final determination of the issues involved within a proper and reasonable time.

2. **Same—Appeal from Corporation Commission—Right to Supersedeas and Temporary Increase of Rates.**

In a case where a public utility has properly, sufficiently, and lawfully instituted proceedings before the Corporation Commission for the increase of its rates, alleging that its present rates are confiscatory and deprive it of its property without due process of law, and where upon a hearing thereon the Corporation Commission has made its final determination denying the utility any relief, and where the utility has properly brought the case before this court on appeal, this court has the right not only merely to suspend the operation of the judgment appealed from, but the Constitution gives it the power and it has the inherent right to permit the appellant utility to place in effect during the pendency of the appeal before this court a temporary increase of rates to be prescribed by the court and upon the giving of a suspending bond to rebate its patrons all charges which the court may thereafter hold to be excessive, and this it will unhesitatingly do in event it finds that there will be much delay in the final disposition of the case by this court, and in case it further finds from an examination of the record before it that there is a strong probability that it will eventually hold the company entitled to a substantial increase in the rates already in effect. Otherwise such relief will be denied.

Application for supersedeas in an appeal from an order of the Corporation Commission denying the McAlester Gas & Coke Company an increase in rates. Application temporarily and conditionally denied.

Busby, Sparrow & Patterson and Owen, Lybrand & Snyder, for plaintiff in error.

W. J. Horton and E. S. Ratliff, for defendants in error.

LYDICK, J. The McAlester Gas & Coke Company, a corporation, is a public utility furnishing natural gas to the inhabitants of McAlester, Okla., and operating under a schedule of rates fixed by the Corporation Commission. On October 4, 1921, it filed with the Corporation Commission its written petition asking for a very substantial increase in such rates and alleged that unless such rates be granted, its earnings would be insufficient to pay its operating expenses and a reasonable interest upon the value of its used and useful investment, and would result in its property being confiscated, without regard to the constitutional guaranty to it of due process of law. The case was contested by the city of McAlester. Evidence was heard by the Corporation Commission at different times thereafter, until finally same was submitted to the Corporation Commission for decision on February 2, 1922. The Corporation Commission held same under advisement for a period of nearly two years, and finally on January 18, 1924, entered its judgment denying the petitioner any relief whatsoever. The company excepted to the judgment, and brings the case here on appeal.

On March 11, 1924, and upon due notice, the company filed and presented and submitted to the court its application for supersedeas, and for permission to place in effect, during the pendency of the case in this court, such a temporary schedule of increased rates as will protect the company in event it be finally adjudged that an increase in rates should be allowed. The company offers to give a suspending bond conditioned that it will make refund of said excess charge in event the court shall find the company not entitled to such increased rates. As grounds for the order of supersedeas which the company seeks, it alleges,

First. In the language of the application for supersedeas, "Great, inexcusable, and unjustifiable delay has occurred, in that the commission failed from February 2, 1922, and until January 18, 1924, to make any order whatever in said cause, and plaintiff in error states that such delay was in no sense or respect acquiesced in or consented to by the plaintiff in error."

Second. That the decision, order, and judgment of the Corporation Commission denying it the right to increase its rates is a purely arbitrary order, not supported by evidence or law, and requires it to continue to operate under rates which are confiscatory and amount to taking its property without due process of law.

It was on October 4, 1921, that this company filed its petition with the Corporation

Commission. Upon the filing of that petition, the Corporation Commission owed the company the legal duty to proceed to a final determination thereof as rapidly as was consistent with a proper consideration of the issues and regard for the general business before it. A few intermittent hearings in the case were scattered over a period of five months of the heavy gas consuming period of the year. The evidence was completed and the cause submitted to the commission on February 2, 1922, for its decision. The commission did not decide the issues in the case until January 18, 1924, after the lapse of a period of nearly two years. The members of the Corporation Commission are men of high standing and unquestioned integrity, zealously endeavoring in all matters to render equitable and just relief to all before its bar. We are certain that the commission had no willful intent to wrongfully delay either a hearing on the case or a final decision on same. Nevertheless during all that period of time this delay was an effective denial of justice to the company. This delay is unreasonable and unjust, and in event it develops that the company was entitled to an increase in rates, the delay has effectively deprived the company of its property, through the form but without the substance of due process of law. These rates when made by the commission cannot be retroactive. For the loss sustained by the company during that time, if the allegations in its petition are true, the court is without power to recompensate the company.

So sacredly does the organic law regard these rights that the remedy to avoid such results is not confined to the Corporation Commission, nor to this court, nor to the tribunals of the state. The Corporation Commission in making these rates acts in a legislative capacity. When it has made its adjudication, and not before, has the losing party recourse to this court by appeal. On appeal this court acts in a legislative capacity, but when it has finally approved or prescribed rates and charges, the utility has recourse to the federal courts of equity to determine whether the rates so prescribed are so unreasonable as to amount to a taking of the company's property without due process of law. Reference is made to the cases of Oklahoma Natural Gas Company, Appellant, v. Campbell Russell, Art L. Walker, and E. R. Hughes, Constituting the Corporation Commission of the State of Oklahoma, et al., and Oklahoma Gas & Electric Company and Muskogee Gas & Electric Company, Appellants, v. Corporation Commission of the State of Oklahoma, Campbell Russell, Art. L. Walker, and E. R.

Hughes, Constituting said Commission, et al., 261 U. S. 290, 69 L. Ed. 659. Here the court held that when a case like this was pending on appeal before this court and this court had denied to the company the right to give a suspending bond and place in effect increased rates until a final determination of the case, the company need not await such final determination in this court, but might go into a federal court of equity and obtain an increase in rates during such time. Pursuant to said holding, the company then proceeded to do so in those cases.

It is the general rule that while a case is yet pending and undetermined before the Corporation Commission, the utility does not have recourse to a federal court of equity for the enforcement of a temporary increase of rates. The leading case on that point is Prentis v. Atlantic Coast Line Co., 211 U. S. 210.

Interesting discussions of such conditions is found also in the following cases: A., T. & S. F. Ry. Co. v. Love, 174 Fed. 59; Chicago Rys. Co. et al. v. Ill. Commerce Commission, 277 Fed. 970; Springfield Gas & Electric Co. v. Barker, 231 Fed. 331; Love v. A., T. & S. F. Ry. Co., 185 Fed. 321; Palermo Land & Water Co. v. Railroad Commission of Calif., 227 Fed. 708; Northwestern Bell Telephone Co. v. Hilton, Atty. Gen., et al., 274 Fed. 384.

The general rule above announced may not be applicable where there is an unreasonable and unjust delay in the proceedings before the Corporation Commission, even though such delay be necessary. This the court may hold, on the theory that the company, being without fault, must not even by the necessity of delay be deprived of its property, though such deprivation may take the form but lack the substance of due process of law. If such delay be intentionally caused by the commission, the suggested exception to the rule would have even a greater appeal.

It is by the provisions of the federal Constitution and acts of Congress that a litigant has a right in a given case to resort to a federal court of equity. It is not only the duty of the state courts and tribunals to endeavor to render timely justice to all before its bar, but in a case where resort may be lawfully had to the federal court after the state tribunals have concluded, no unjust impediment should be placed in the litigant's way of reaching the federal court for an ultimate determination of the correctness of the action of the state tribunal. Litigants seeking such relief should not be prejudiced thereby in its proceedings in

the state court, for in the federal courts as well as in the state tribunals judgment is rendered upon the court's honest interpretation and application of the law and facts to it submitted. Nevertheless, it should be the earnest endeavor of state courts and tribunals to so proceed without unreasonable delay and to render such timely justice as to make it unnecessary to resort to federal courts for relief, except in cases where reasonable grounds exist for a divergency of opinion upon the facts or upon the interpretation or application of the law.

The framers of the state Constitution and the lawmakers vitalizing and extending same were of the opinion that a case like this was entitled to progress rapidly and reach a speedy final determination. In section 21, art. 9, of the state Constitution it is provided:

"All such appeals, affecting rates, charges, or classifications of traffic, shall have precedence upon the docket of the Supreme Court, and shall be heard and disposed of promptly by the court, irrespective of its place of session, next after the habeas corpus and state cases already on the docket of the court."

The lawmakers, in order to emphasize the importance of such provision, have provided in section 3502, Comp. Stats. 1921, as follows:

"All cases appealed to the Supreme Court from the judgment of the Corporation Commission as herein provided, shall have precedence therein, except as provided in the Constitution, and it shall be the duty of the Supreme Court to advance the same on the docket for immediate consideration and proceed to final judgment, without any unnecessary delay."

Can it be the law that the Supreme Court under the mandate of the Constitution and the statutes must consider a case like this on appeal with a rapid and speedy determination, subject only to the rights involved in habeas corpus, and at the same time be the law that the Corporation Commission, before the case reaches us on appeal, can delay the progress of a hearing or the determination of its judgment after the case has been submitted for a period of years? The question contains its own answer.

This condition the company urges here now as grounds for having this court permit it immediately to supersede the judgment of the Corporation Commission and put into effect temporarily increased rates under a bond conditioned for the refund thereof of overcharges in event this court finally finds the increase not justified. We can hardly say that this condition alone is sufficent to justify the court in granting that relief. To do so would not have the effect of remedying the wrong already done, but, of course, would prevent its aggravation. The company has failed to avail itself of the remedy afforded by law to prevent this delay. It is provided in section 20, art. 9, of the Constitution of this state that:

"The writs of mandamus and prohibition shall lie from the Supreme Court to the commission in all cases where such writs, respectively, would lie to any inferior court or officer."

It is provided in section 2 of art. 7 of the state Constitution as follows:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law."

It is within the jurisdiction of this court in a proper case to require the Corporation Commission, in a case pending before it, to hear, try, consider, and finally determine the issues there involved, and this the court will not hesitate to do by the issuance of a proper writ of supervisory control, when its jurisdiction to so do is invoked by proper procedure and facts made to appear justifying it in granting such relief. The court will not by such writ undertake to control the legal discretion of the commission in determining the issues, but it will require the Corporation Commission to proceed and to exercise its legal discretion and make such final determination within such time as under the letter and spirit of the Constitution and laws it should do so.

But there is another ground on which the company here seeks leave to have this court prescribe a temporary increase of rates. They say that by the delay necessarily occasioned in the determination of its appeal in this court, its property will be taken without due process of law. If the company's allegations as to the injustice of the present rates be found true, then this ground is well taken.

By virtue of section 21, art. 9, of the state Constitution, and section 3497, Comp. Stat. 1921, this court on an appeal like the case at bar has the right not only and merely to suspend the operation of the judgment appealed from, but the Constitution gives it the power and it has the inherent right to permit the appellant utility to place in effect during the pendency of the appeal before this court a temporary schedule of increased rates to be prescribed by the court, and this it will unhesitatingly do in event it finds that there will be much delay in

the final disposition of the case by this court, and in case it further finds from an examination of the record before it that there is a strong probability that it will eventually hold the company entitled to a substantial increase in the rates already in force. Such order would be made upon condition that the utility execute a bond meeting the approval of this court conditioned as provided in section 21, art. 9, of the state Constitution, as follows, to wit:

"* * * Until a suspending bond shall first have been executed and filed with, and approved by the commission (or approved, on review, by the Supreme Court), payable to the state, and sufficient in amount and security to insure the prompt refunding, by the appealing corporation to the parties entitled thereto, of all charges which such company may collect or receive, pending the appeal, in excess of those fixed, or authorized, by the final decision of the court on appeal."

In such case the court will follow and enforce the further provisions of such constitutional provision reading as follows:

"The commission, upon the execution of such bond, shall forthwith require the appealing company, under penalty of the immediate enforcement (pending the appeal and notwithstanding any supersedeas), of the order or requirement appealed from, to keep such accounts, and to make to the commission, from time to time, such reports verified by oath, as may in the judgment of the commission, suffice to show the amounts being charged or received by the company, pending the appeal, in excess of the charge allowed by the action of the commission appealed from, together with the names and addresses of the persons to whom such overcharges will be refundable in case the charges made by the company, pending the appeal, be not sustained on such appeal; and the commission shall also, from time to time, require such company, under like penalty, to give additional security on, or to increase the said suspending bond, whenever, in the opinion of the commission, the same may be necessary to insure the prompt refunding of the overcharges aforesaid. Upon the final decision of such appeal, all amounts which the appealing company may have collected, pending the appeal, in excess of that authorized by such final decision, shall be promptly refunded by the company to the parties entitled thereto, in such manner and through such methods of distribution as may be prescribed by the commission, or by law."

Under such an arrangement, the patrons of the company will not eventually suffer if it be ultimately determined that the increase in rates was erroneously granted, for, without expense to them, all such increased charges will be refunded. On the other hand, if it be eventually determined by the court that the company was entitled to such increase, there is no way by which the court can make the order of increase of rates so effectively retroactive as to relieve the company of the burden of the loss unjustly inflicted upon it, and to require the company's patrons to pay the deficiency for past service which they have been able to unjustly avoid. The courts of the state, with their strong arms outstretched to protect our laborers and our poor, of whom we are justly proud, must also let it be known in no uncertain terms that capital invested in the great utilities of the state will be given not only equal but timely protection of our laws. It is the intention of this court, however, to dispose of this appeal so rapidly as to make it hardly advisable to prescribe a temporary increase of rates until its final decision is reached.

We believe that the expense and inconvenience of changing to a temporary rate and so quickly changing to another rate will be out of proportion to the relief to which the company may prove itself entitled during the short time which the court intends shall transpire until a final decision is reached on this appeal. This court in all cases of this kind reaching it on appeal will endeavor to speedily determine such appeals in accordance with the letter and spirit of the Constitution and statutes. In a case like this, where there has occurred such an unreasonable and unjust delay, the court will endeavor to even more speedily determine the issues involved. In event otherwise than through the fault or neglect of the company it should develop that this case cannot be disposed of by this court upon appeal within the time now contemplated, the company is given the right, without further application for leave so to do, of representing to the court its application for leave to have prescribed and enforced a schedule of temporarily increase rates during the pendency of the case in this court.

It is ordered that the attorneys for plaintiff in error be required to serve and file briefs herein on or before March 28, 1924; that the attorneys for defendants in error serve and file their briefs on or before April 14, 1924; that this cause be submitted to this court for its determination on April 15, 1924. Thereupon the court will consider and determine the issues involved and render its opinion within the shortest time consistent with its due consideration. The company's application for a supersedeas and leave to have prescribed and enforced a schedule of temporary rates is, upon conditions above stated, temporarily denied.

JOHNSON, C. J., and BRANSON, HARRISON, and WARREN, JJ., concur.