**STATE ex rel. BRIGHT v. SWAN, Judge.**

No. 23452. May 15, 1934.

George T. Bonstein, for plaintiff.

John L. Maynard, for defendant.

SWINDALL, J. This is an original proceeding commenced in this court by the State of Oklahoma, on relation of Bobbie Jean Bright, now Lairmore, against J. H. Swan, judge of the superior court of Okmulgee county, Okla., for writ of mandamus to compel the superior court of Okmulgee county, Okla., and J. H. Swan, as judge thereof, to proceed with the trial of the issues formed by the pleadings to compel Charlie Bright to pay Bobbie Jean Lairmore, formerly

Bright, the sum of $35 per month for the support of Eugene Bright, a minor son of Charlie Bright and Bobbie Jean Lairmore, formerly Bright, in accordance with an order made by the superior court of Okmulgee county in a decree of divorce granted Bobbie Jean Bright in an action for divorce in that court styled Bobbie Jean Bright, Plaintiff, v. Charlie Bright, Defendant.

The application for citation filed in the divorce action alleges the entering of the judgment and order in the action for divorce and the neglect and refusal of the defendant in that action to comply with the order, and further alleges that there is due and owing from the defendant in that action under the order of the court the sum of $295, and prays that an order be made citing the defendant to appear on a day certain and show cause why that court should not make an order in the way of execution committing defendant to jail until he pays or causes to be paid the amount found to be due for support of said minor child, and for other relief. Upon the filing of said application for citation the superior court of that county issued an order fixing a hearing on March 26, 1932, at which said hearing the said Charlie Bright was ordered to show cause why he should not be punished for contempt. It was further ordered by the court that the issues formed by the pleadings as to the ability of the defendant in the divorce action to pay the sums ordered by the support of the minor child be tried to a jury under the instructions of the court as to the law of such proceedings.

Defendant in that proceeding filed a response and demanded a trial by jury, and the court thereupon refused to hear evidence as to the ability of the defendant to pay the sums ordered paid by the court for the support of said minor upon the ground that the defendant was entitled to a trial of the issue by jury. Thereupon the plaintiff in that action commenced this action to compel the superior court of Okmulgee county to hear her application therein for proper orders relative to the support of the minor child of plaintiff and defendant in the divorce action.

Plaintiff in this action alleges that Charlie Bright is an able-bodied man of good physique, possessing a high school education, and is capable of commanding an average wage of $150 per month.

The superior court of Okmulgee ordered the defendant in the divorce action to pay the sum of $50 per month for support of the minor child of plaintiff and defendant.

Later, upon a hearing, the sum was reduced to $35 per month. The defendant, at the time the application was filed praying for an order to show cause, had failed to comply with the order of the court or show cause for his failure.

The proceeding in the superior court of Okmulgee county was not a proceeding for indirect contempt under section 1699, C. O. S. 1921, section 1958, O. S. 1931, but was a proceeding to determine the ability of the defendant to support his minor child.

Section 671, O. S. 1931, provides that: "When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action." The superior court of Okmulgee county made provision for the support of the minor child at the time it granted plaintiff a divorce, and later modified its order relative to the amount of money the defendant was required to pay for such support. The attention of the court was called to the fact that the defendant had failed to comply with the modified order. The defendant was ordered to show cause why he disobeyed the order of the court, and he demanded a trial by jury upon that issue, and the court refused to hear the application and passed same until such time as the court might have a jury term of court. In this we are of the opinion, and hold, the court was in error. The defendant was not charged with a willful disobedience of an order of the court. The hearing might have developed that the defendant was in contempt of the court. It might have developed that the defendant had property or money which the court could order paid into court, or that the defendant could pay a part of the sum theretofore ordered paid, and the court could have properly ordered the sum or sums the court then found the defendant able to pay paid into court, and in the event the defendant refused to comply with that order of the court, then he might be charged with contempt of court.

Orders of the court are made to be obeyed and not winked at by the party ordered to obey or perform same. If the defendant is able to comply with the order, he should be compelled to comply. If he is unable to comply fully, then he should be compelled to comply to the best of his ability. There are entirely too many parents being excused for failure to support their dependents. The Legislature has enacted sections 1829 and

1830, O. S. 1931, making it a crime for a parent to willfully neglect or refuse to provide for minor children. The court should use all lawful process to enforce its orders, and if parents persist in disobeying orders in civil actions, the court might call to the attention of the county attorney the facts, and if in his opinion criminal charges are proper, the laws relating to crimes may be invoked. When a parent willfully fails to perform his duty to support his child, all lawful means should be resorted to to make him perform that duty.

Under section 2, article 7, of the Constitution of Oklahoma, this court has general superintending control over all inferior courts of the state. Under the facts disclosed by the pleadings in this cause we are of the opinion, and hold, that plaintiff is entitled to a hearing upon her application in the superior court of Okmulgee county, and it is so ordered.

CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur.