## LYONS et al. v. LYONS et al.

No. 27852.    Feb. 21, 1938. ·

Bruce & Rowan, O. B. Jefferson, and Moss & Powell, for plaintiffs in error.

Wilson & Wilson, for defendants in error.

HURST, J. This is a companion case to the case of Effie Lyons et al. v. S. D. Lyons, 182 Okla. 108, 76 P.2d 887, this day decided, but due to the difference in relief sought, we deem it advisable to set forth the allegations of plaintiffs' petition in this cause.

Plaintiffs allege that they are the children and heirs of Sadie Lyons and that S. D. Lyons was her husband; that Sadie and S. D. Lyons jointly conducted the business of manufacturing and selling various hair-growing preparations for profit; that the business was conducted under the name of "S. D. Lyons"; that it was understood and agreed that Sadie Lyons and S. D. Lyons would share equally in the business and the proceeds derived therefrom; that later the business was designated and known as the "East India Toilet Goods Mfg. Co." but continued under the trade-name of "S. D. Lyons"; that much equipment, fixtures, machinery, and furniture were acquired to carry on the business; that Sadie Lyons died intestate in December, 1925; that after her death, S. D. Lyons continued to conduct the business in the same manner as before; that just prior to the filing of these actions against S. D. Lyons, the latter attempted to convey and turn over the business, personal property, fixtures, and machinery to defendant E. B. Lyons, who had full knowledge and notice of the interest owned by these plaintiffs in the business and properties above described; that defendant removed the business from its former location to another, and has substituted the name of "Wild Rose Toilet Goods" for the name "East India Toilet Goods Mfg. Co.", and also changed the trade-name from "S. D. Lyons" to "E. B. Lyons"; that in fact the new business is the same as the old one and that plaintiffs are entitled to be decreed to be the owners of six-ninths of one-half interest in the business, personal property, fixtures and appurtenances thereto, and that defendant be adjudged to hold said undivided interest in trust for the use and benefit of these plaintiffs, together with six-ninths of one-half interest in the proceeds and profits derived from the business. Plaintiffs also ask for the appointment of a receiver and an accounting.

The trial court sustained defendant's motion for judgment on the pleadings on the ground that plaintiffs have no legal capacity to bring this action, and plaintiffs have appealed.

■ It is apparent that under the allegations of the petition the business relationship between Sadie and S. D. Lyons constituted a partnership. See section 11624, O. S. 1931, and Foster v. Wilkinson (1923) 96 Okla. 110, 220 P. 325. In such case, when one of the partners dies, sections 1197 and 11661, O. S. 1931, are applicable. Section 1197, supra, provides in part:

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner shall immediately, in company with the executor or administrator, or some other person or persons, to be appointed by the judge of the county court, take and furnish to said executor or administrator a correct and full inventory, and a fair and just appraisement, of all partnership property and assets held and belonging to himself and the deceased partner, after which the surviving partner shall settle the business of the copartnership. The surviving partner shall settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to such executor or administrator, in the right of the decedent."

Section 11661, supra, provides in part:

"* * * On the death of a partner, the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purpose of liquidation, even though the deceased was appointed by agreement sole liquidator; and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property."

In the case of Somerville v. Somerville (1926) 118 Okla. 259, 247 P. 389, defendant, a surviving partner, executed a note to plaintiff, widow of the deceased partner, to liquidate the interest of the deceased partner in the business. The suit was on the note. Defendant's answer set forth that he did not know whether to pay the money to plaintiff or to decedent's estate. No administrator had been appointed. The trial court sustained plaintiff's motion for judgment on the pleadings. On appeal, this court reversed the cause on the theory that the administrator was a necessary party under section 1201, C. O. S. 1921 (sec. 1197, supra). See, also, Robertson v. Burrell, 110 Cal. 568, 42 P. 1086 (which held, under a statute similar to our own, that the right to demand an accounting of a surviving partner is in the personal representative of the deceased partner alone), and 23 C. J. 1147, sec. 354.

We are of the opinion that this action for an accounting and to establish a trust in the business and the personal properties described in the petition must be prosecuted by the administrator of Sadie Lyons' estate.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.