STATE ex rel. REIRDON et al. v. COUNTY COURT OF MARSHALL COUNTY et al.

No. 28489. June 21, 1938.

Rehearing Denied July 26, 1938.

Don Welch, for relators.

George E. Rider and Busby, Harrell & Trice, for respondents.

HURST, J. This is an original action for a writ of mandamus. The undisputed facts out of which the present controversy arose appear to be as follows: D. B. Taliaferro, a resident of Marshall county, died on November 2, 1927. He left a will which was duly admitted to probate in the county court of said county. By the terms of the will he created a trust which will not expire until his youngest child becomes 26 years of age, which is some time hence. He was survived by his wife, two sons, and two daughters. The wife is now dead and the four children are involved in a controversy among themselves over his estate. By the terms of the will, he named as executors and trustees of his estate his wife and two of her brothers. He also provided in the will that when the two sons became of age they should become executors and trustees along with the others named. The wife was mentally incompetent and did not qualify as an executor. Her two brothers died, one in 1928 and the other in 1932. The sons then being of age, the result is that since 1932 they alone have been acting as executors. The deceased had considerable property, and was, at the time of his death, a partner with J. P. Reirdon, doing business in the name of Reirdon Lumber Company. There was no settlement or liquidation of the affairs of the partnership, but the surviving partner has continued to operate the same. Also, since there had been no account filed by the executors, the two daughters, on October 20, 1936, filed their petition in the county court to require the executors to render an account. After various continuances, supplemental accounts, and amendments, the executors presented a final account and petition for distribution. The two daughters filed certain objections to the final account and various amendments and supplements thereto, and filed a petition of their own for distribution of the estate, to which objections were then filed by the executors. The matters were then presented to the county court at various hearings from August 24, 1937, to March 11, 1938. On the latter date, all the parties to the proceedings in probate rested and the court directed counsel to appear on March 22, 1938, to present certain legal questions which had arisen. On the date named the executors appeared and presented a motion for a continuance of the case in the county court. It was there alleged in substance that one branch of the accounting proceeding pending before the county court dealt with the settlement and liquidation of the partnership with J. P. Reirdon, the surviving partner, upon which a hearing had been commenced, and that it was necessary to complete this branch of the proceeding before the court finally passed upon the final account and decree of distribution. Thereupon, on the following day, the court granted the continuance for the express reason that "the executors in the above-entitled cause, as personal representatives of the deceased partner, are the only persons who have the right to require the settlement of the partnership affairs and to demand an accounting of the funds due the estate of the deceased partner." The order cited sections 1197 and 11661, O. S. 1931, and the case of Lyons v. Lyons (1938) 182 Okla. 113, 76 P.2d 892, hereinafter referred to, and in effect relied on same as authority for requiring the continuance. The order then provided "that the estate not be distributed or the executors discharged or the final account of the executors and the exceptions thereto herein be passed upon until the executors require settlement of the partnership affairs and demand an accounting of the funds due the estate of the deceased partner from the surviving partner." Thereupon the two daughters, designated in the order as contestants, bring this action to compel the county judge to pass immediately upon the final account and decree of distribution.

■ The first question is whether mandamus is the proper remedy. It is well established that mandamus will not be granted to compel a court to act in causes between private parties where the party complaining has an adequate remedy at law. Southwestern Nat. Gas Co. v. Vernor (1936) 178 Okla. 344, 62 P.2d 1262. The respondent here contends that petitioners had an adequate remedy at law by appeal to the district court under authority of section 1397, O. S. 1931 (58 Okla. St. Ann. sec. 721), which provides in part as follows:

"An appeal may be taken to the district court from a judgment, decree or order of the county court: * * * Seventh, refusing, allowing or directing the distribution or partition of an estate, or any part thereof or the pay-

ment of a debt, claim, legacy or distributive share; or eighth. From any other judgment, decree or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right."

(a) Respondent argues first that the order complained of refused distribution of the estate and thus an appeal was authorized by subdivision 7 of section 1397, supra. But this contention is not supported by the record before us. It appears from the order granting the continuance that the issue of the distribution of the estate was in no manner passed upon. It is true that by the order it was delayed, but we cannot say that it was "refused" within the meaning of the statute.

(b) Respondent next argues that an appeal was authorized under subdivision 8 of section 1397, supra, in that the order complained of affected "a substantial right" of petitioners. We cannot agree with this contention. Although we think this statute authorizes an appeal from an interlocutory order (see 2 Am. Jur. sec. 321, p. 860), and that it therefore does not require a final order as is ordinarily the case in appeals, yet it must affect a substantial right. In all of the cases relied upon by respondent the order passed upon some phase of the merits of the proceeding. Where as here the order was not an adjudication of any portion of the controversy, but rather was merely a continuance of such an adjudication. We fail to see how an order which does not adjudicate any phase of the merits of the probate proceeding can affect "a substantial right," as the term is used in the statute.

It is argued, however, that by petitioners' own statement, the order affects their substantial right to the immediate enjoyment of their distributive share of the estate. Petitioners asserted that the continuance will, in effect, forever prevent an adjudication on the decree of distribution. But there is nothing in the order itself which so indicates, and we cannot assume that it will have that effect. We conclude, therefore, that petitioners have no adequate remedy at law.

■ The next question is whether mandamus will lie to direct the court to immediately proceed with an adjudication of the final account and decree of distribution. Ordinarily there will be no interference by mandamus to direct when another court shall proceed with the hearing of any particular cause. Granting, or refusing to grant, a continuance is ordinarily regarded as discretionary in the trial court, and it is a general rule that mandamus will not issue to control the exercise of discretion.

Yet, when there is an arbitrary abuse of discretion, the courts recognize that this is an exception to the general rule, and mandamus may issue, though the result is that the court is called upon to review the exercise of a discretionary power. 18 R. C. L. 126, sec. 39; same, p. 308, sec. 250; 38 C. J. 608, sec. 85, et seq. In Board of Com'rs of Seminole County v. State ex rel. Cobb (1912) 31 Okla. 196, 120 P. 913, the first syllabus of the court is as follows:

"Where there has been an exercise in good faith of judgment or discretion by an officer upon whom a duty involving discretion is imposed, the writ of mandamus will not lie to compel him to act again; but if by a mistaken view of the law or by an arbitrary exercise of his authority there has been in fact no actual exercise in good faith of the judgment or discretion vested in the officer, the writ will lie to compel such officer to act within the limits of the law."

Thus, in a proper case, this court, under its general power of superintending control granted by section 2, art. 7, of the Constitution, may require the county court by mandamus to proceed and make its final determination of the issues involved within a proper and reasonable time. See McAlester Gas & Coke Co. v. Corp. Comm. (1924) 101 Okla. 268, 224 P. 698; 18 R. C. L. 308, sec. 250.

■ We come then to the decisive question in this case: Has there been an arbitrary abuse of discretion or has there been in fact no actual exercise of discretion because of a mistaken view of the law? We think that the order granting the continuance clearly reflects that it was entered for the reason that the county judge entertained the view that the executors are the only persons who have the right to require the settlement of the partnership affairs by reason of sections 1197 and 11661, O. S. 1931, and the case of Lyons v. Lyons, supra. Section 1197, supra, provides, in part:

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner shall immediately, in company with the executor or administrator, or some other person or persons, to be appointed by the judge of the county court, take and furnish to said executor or administrator a correct and full inventory, and a fair and just appraisement, of all partnership property and assets held and belonging to himself and the deceased partner, after which the surviving partner shall settle the business of the copartnership. The surviving partner shall settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as

may from time to time be payable to such executor or administrator in the right of the decedent."

In respondent's brief the other cases cited and discussed in Lyons v. Lyons, supra, are referred to. The petitioners take the position that in such view of the law the county judge is mistaken, and in so far as the court may have considered said section applicable to the settlement of partnership affairs with the surviving partner in every case, we agree with petitioners. We do not think that the administrator or executor is the only one who can maintain an action against a surviving partner to compel an accounting due the estate of a deceased partner, after there has been a final distribution. The reason behind the statute indicates that the Legislature did not intend such a construction. The evident purpose of the statute is to secure an orderly settlement of the partnership affairs, both in respect to insuring an accounting with all the heirs entitled thereto, and in respect to the rights of the creditors of the estate. Prior to the appointment of an administrator or executor and after such appointment up until the time the estate is closed, a settlement with the administrator or executor is necessary to effectuate such purpose. But after the adjudication of final distribution, the heirship is determined and, if there is anything to distribute, the creditors will have been satisfied. Therefore, after distribution there can be no necessity for the appointment of an executor to proceed against the surviving partner.

There is another consideration which compels the conclusion that the right to require a settlement and demand an accounting of the partnership is in the heirs at law after distribution. Section 11661, O. S. 1931, provides, in part:

"On the death of a partner, the surviving partner succeeds to all the partnership property, whether real or personal, in trust for the purpose of liquidation, even though the deceased was appointed by agreement sole liquidator; and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property."

It is fundamental that prior to distribution, the personal property of deceased vests in the personal representative, whereas, after final distribution, it vests in the heirs at law, or the legatees, in the event it is disposed of by will. Therefore, after distribution, the heirs at law are the owners of the "interest of the deceased in the ultimate distribution of the partnership assets." Thus the result we reach upon analysis of

section 1197, supra, requiring a settlement and accounting by surviving partner with the executor or administrator, is that it has no application after there has been a final decree of distribution. In such event the remedy is an appropriate proceeding in a court of equity. Baughman v. Hebard (1917) 65 Okla. 208, 166 P. 88.

In Lyons v. Lyons, supra, and the other cases relied on, it appears that no administrator had been appointed. The sole question there presented was whether the heirs at law were the proper parties to proceed against the surviving partner where no administrator had ever been appointed. The question of the heirs' right to maintain the action against the surviving partner after the distribution of the estate was not presented. The Lyons Case and the others referred to would be applicable to this situation had the heirs at this time sought to bring the action against the surviving partner.

Because of the fact that final distribution cannot be made until all expenses of administration and claims of creditors have been satisfied, no injustice can result from the view herein adopted and it is in harmony with the evident purpose of the legislation.

It therefore appears that the court was mistaken in its construction of the law which was the basis for the exercise of discretion in granting the continuance. If the view taken had been correct, then a distribution of the estate would either prevent the trustees for the heirs from proceeding further against the surviving partner, or require a reappointment of executors as authorized by section 1382, O. S. 1931 (58 Okla. St. Ann. sec. 692), and it is clear that the granting of a continuance would not constitute an abuse of discretion. But since the court erred in its view of the law in this regard, there has been in fact no proper exercise of discretion, and the granting of the continuance was equivalent to an arbitrary refusal to act.

There is no statutory provision which prevents an adjudication of the final account or requires a delay of distribution until the amount due upon a particular asset is either ascertained or collected. See Widener v. Miller (1932) 155 Okla. 2, 11 P.2d 170. We take it to be common practice to distribute an estate and include therein a chose in action not yet realized upon, and to permit the heirs entitled thereto to proceed with collection. For example, see Goad v. Montgomery (1898, Cal.) 51 P. 681. To refuse distribution, however, until all as-

sets of the estate have been collected, is largely a matter of discretion with the county court. In re Ricaud's Estate (1881) 57 Cal. 421. But we think the language of the order itself precludes us in this case from assuming that such consideration prompted the continuance. For the sake of completeness, it may be well to say that if it had, under the particular facts as disclosed by the petition for mandamus and the briefs of the parties, such action would constitute an abuse of discretion. The estate is of considerable size and the hearings on the accounts regarding the assets other than the partnership claim occupied a considerable part of several months. The matters have been fully heard and both sides have rested, and they are now ready for determination, and the practical operation of courts of justice would present a consideration which, under the exercise of fair and sound discretion, would require an adjudication of that issue without delaying the whole matter until the completion of the partnership branch of the proceeding.

Petitioners have suggested three courses of action whereby the final distribution may be decreed and the partnership branch of the litigation still preserved. We do not think it necessary, nor is it proper, to discuss the methods presented or advise the county court as to what course to take in the distribution of this estate. It may be that the claims of creditors have not been satisfied and that, under the statutes applicable, the final decree of distribution must be denied. Such matters are dependent upon the state of the record before the county court and are not before us in this proceeding. It is sufficient to say that some action must be taken on the merits of the issues thus presented within a proper and reasonable time, and the granting of the continuance, for the reason given and under a mistaken view of the law, constitutes an arbitrary abuse of discretion.

The writ is granted, and respondent is directed to decide the issues that have been tried out within 30 days from date this decree becomes final, and to proceed not inconsistent with the views herein expressed.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, C. J., and DAVISON, J., absent.