STATE ex rel. HEMBREE et al. v. COUNTY COURT of CLEVELAND COUNTY et al.

No. 30457. Sept. 9, 1941.

Rehearing Denied Sept. 30, 1941.

*118 P. 2d 247.*

Sam Neff, of Oklahoma City, for plaintiffs.

Otis Blankenship, County Attorney of Cleveland County, Paul W. Updegraff, of Norman, and Abernathy & Abernathy, of Shawnee, for defendant.

384

WELCH, C. J. Dora Hembree and Una Hembree, while minors, inherited substantial property which for about 15 years has been managed by their guardians.

In April, 1941, Dora Hembree attained majority and on May 24th filed in the county court of Cleveland county, where the guardianship is pending, her application to require the two joint guardians to account and deliver over her money and property.

Una Hembree attained majority in October, 1939, and on the same day her guardianship as an incompetent person continued on order of the county court. It is her contention that this continuation of guardianship was had pursuant to an agreement between herself and her guardians, made on the day before she attained majority, that the guardianship should continue only for six months, to enable the guardians to close some pending matters which would facilitate closing her guardianship affairs. At any rate her guardianship so continued.

On May 24, 1941, she filed in said county court her application alleging she has never been mentally incompetent, and since her majority in October, 1939, has always been and now is legally and mentally competent to handle her own property, and praying that a hearing be had and that she be restored to such capacity and that her guardians account and turn over her property.

On May 24, 1941, by order of the county court these applications of Dora and Una Hembree were set for hearing on June 5, 1941, and notice thereof was given.

On May 28, 1941, the two guardians filed motion for continuance of said hearings beyond July 1, 1941, stating as grounds therefor that they were preparing for a hearing in another court on matters pertaining to said guardianships which are of vital interest and concern to the wards, and that the ends of justice would best be met by such continuance. Thereupon, and on the same date, the county court ordered continuance of both applications from June 5 to July 9, 1941.

On June 11th application of the wards was filed to vacate the order of May 28th, and in lieu thereof to order the guardians to account, which was on the same day overruled, leaving the applications set for hearing on July 9, 1941.

On July 5, 1941, the two guardians filed their second motion for continuance, going into some more detail as to the matters pending in other courts referred to in their first motion for continuance, and stating that there were such matters pending in various other courts. This motion sought continuance of the hearings on the applications of the wards in the county court until such time as the two guardians could finally dispose of the matters pending in other courts, including an action by said guardians, and an action pending against said guardians and their attorney. And in effect this motion sought continuation of the guardianship, with these two guardians in custody and control of the money and property of these wards, until at some indefinite time in the future when the guardians should be able to work out to finality the matters pending in the other courts.

The wards resisted this application, but on the same day, July 5, 1941, the county court heard the application, and ordered that for good cause shown, the hearings on the wards' applications should be continued to January 5, 1942, the wards by their attorney objecting and excepting thereto.

The wards, as plaintiffs, now resort to this court seeking an exercise of our power of superintending control over the county court to require that the order of continuance to January 5, 1942, be vacated as an abuse of discretion, and that prompt hearing be had on the applications of the wards for termination of the guardianship.

It is apparent that a consideration of these facts and of the definite rights of these wards is determinative of the matter.

It is true, as urged by the defendants, that the county court or any trial court is vested with a wide discretion in granting a continuance, which ordinarily will meet no interference from an appellate court. But it is also true that ordinarily continuances are only granted upon valid grounds, sufficient to challenge the judicial discretion of the trial court, and only for a reasonably required time, and then only when no definite right of the opposing party is thereby denied. It is also quite true that the wrongful granting of a long continuance, without valid grounds, however well meant by the trial court, may violate definite rights of parties and may constitute in law an abuse of discretion, and thus require interposition of an authorized appellate court.

This court has found it necessary on several occasions to require trial courts to accord prompt hearings on applications or other pending matters, where the failure to hear, or delay in hearing, resulted from the granting of a continuance, or some other act found to constitute in law an abuse of judicial discretion. State ex rel. Rierdon et al. v. County Court of Marshall County, 183 Okla. 274, 81 P. 2d 488; State ex rel. Bright v. Swan, 168 Okla. 205, 32 P. 2d 866; State ex rel. Wilcox v. Walker, 168 Okla. 543, 35 P. 2d 269; Equalization Board v. Ford Motor Co., 177 Okla. 583, 61 P. 2d 251; Higgins v. Brown, 20 Okla. 355, 94 P. 703; Board of County Com'rs of Seminole County v. State, 31 Okla. 196, 120 P. 913, and McAlester Gas & Coke Co. v. Corporation Commission, 101 Okla. 268, 224 P. 698. The principles of these decisions are recognized as general rules. See 35 Am. Jur., Mandamus, § 273; 18 R. C. L. pages 126 and 127. See, also, Taylor v. Barker (Utah) 262 P. 266.

In this state a minor under guardianship, upon attaining majority, is entitled to have the guardian account and turn over the property of the trust. By the language of the statute the power of the guardian is suspended by the wards attaining majority. Section 1512, O. S. 1931, 30 O. S. A. § 20. See, also, Miller v. Tidal Oil Co., 130 Okla. 133, 265 P. 648; Kersey v. McDougal, 79 Okla. 53, 191 P. 594; Haddock v. Bronaugh, 92 Okla. 197, 218 P. 848; and in Jackson v. Porter, 87 Okla. 112, 209 P. 430, it was held that after the attainment of majority by a minor ward, the jurisdiction of the county court terminates, save only to require a final accounting and to enter discharge.

When the guardianship of a minor is continued beyond majority for the stated incompetency of the ward, there is a like right to have restoration to legal capacity and the guardianship terminated, upon showing of mental competency. A person in that unnatural position merits the solicitous concern of the probate courts. Here it is the stated position of Una Hembree and an older brother that she has never been an incompetent, but agreed to the continuance of her guardianship on that basis at the solicitation of her guardians. Be that as it may, she is entitled now to a prompt opportunity to demonstrate that she is a normal adult person, and to terminate her guardianship. It is the duty of the court to brook no long delay sought by the guardians to prolong their official tenure as custodians of the property of this young woman.

If it be true that extended judicial and guardianship or trustee management of the money and property and interests of an individual promises better management than that anticipated by the individual owner, that gives no authority at all to the guardians or trustees to continue to impose their management against the will of the owner, nor does that fact of itself confer any jurisdiction on the probate court to continue such management. See Mellot v. Lambert, 161 Okla. 276, 18 P. 2d 532.

It is asserted by the two joint guardians in both their first and second applications for continuance that there are matters pending in other courts of vital interest to the estates of these two wards. But apparently they overlook the rule that these young women, if they are of legal age, and not mental incompetents, have the same legal right

as any other American citizens to appear in their own names and look after their own important interests.

Some bit is said in the briefs as to the desires, motives, and purposes of some of the parties to, and persons interested in, these guardianships, and the property thereof. And there are conflicting versions of conversations and of statements made therein. But we deem it unnecessary to further notice or comment on these matters. It is only necessary that we consider and determine the rights of the parties and whether relief should properly be granted in this proceeding. It is not necessary that we consider, and we do not determine, the private or personal motives of any one concerned in the case.

On these two applications it is the clear duty of the county court to grant immediate hearings, after first vacating the order continuing them to January 5, 1942, and at such hearing to make the indicated findings of fact and the appropriate orders.

We must conclude that the order of continuance referred to resulted in a denial of the definite rights of the wards, and amounted to an abuse of judicial discretion, and that it is our duty to grant the relief here sought.

It is therefore ordered that the county court of Cleveland county vacate the order of continuance last aforesaid, and set the applications of the wards for an immediate hearing on proper notice, and to proceed with due dispatch to the determination of all matters thereby presented.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.