SOUTHWESTERN BELL
TELEPHONE CO. v. STATE et al.

Nos. 33645, 34054. Sept. 20, 1949.

*214 P. 2d 715.*

292

---

Cantrell, Carey & McCloud, of Oklahoma City (Edward M. Box, of Oklahoma City, Ronald J. Foulis, of St. Louis, Mo., and Earl H. Painter, of St. Louis, Mo., of counsel), for plaintiff in error.

James G. Welch and Charles F. White, both of Oklahoma City, for defendant in error.

LUTTRELL, J. On September 30, 1947, Southwestern Bell Telephone Company, hereinafter referred to as the Company, filed with the Corporation Commission of the State of Oklahoma, hereinafter referred to as the Commission, its application for an increase in the rates which it was permitted to charge for intrastate telephone service in this state. On December 10, 1947, the Company filed an application for temporary or emergency rates for intrastate service pending the final hearing and determination of its application for permanent increase. After numerous hearings at which a considerable amount of evidence was adduced by the Company, and some evidence by the Commission, the Commission, on April 19, 1948, made and entered an order denying the allowance of a temporary or emergency rate as prayed for by the Company. The Company gave notice of appeal from this order, and at the same time requested that the Commission allow it to file a suspending or supersedeas bond and place the temporary rate prayed for by it in effect pending the determination of the appeal, as provided by article 9, section 21 of the Constitution. Upon the denial by the Commission of the application to file a supersedeas or suspending bond and place the temporary rate in effect, the Company, on May 24, 1948, perfected its appeal from the order denying the application for a temporary or emergency rate as prayed for by it, by filing in this court its petition in error to which was attached a transcript of the record consisting of five volumes, certified to as a correct transcript of the record in the cause up to and including the completion of the hearing on the application of the Company for the allowance, granting and establishment of increased temporary intrastate telephone rates, including all proceedings had in said cause, all proceedings on April 13, 1948, and particularly proceedings had on April 19, 1948. On the same date the Company filed in this court an application for the allowance of a supersedeas and for permission,

upon the execution of a supersedeas or suspending bond, to put into effect a temporary or emergency increase in its intrastate rates sufficient to produce additional revenue from that source in the amount of $3,077,661, which additional or increased rate it represented would produce compensation upon the capital invested by it in the State of Oklahoma for intrastate telephone service at the rate of six per cent per annum. During the hearing on the application of the Company for an allowance of increased temporary rates, it was stipulated by the parties and ordered by the Commission that all testimony taken in that matter be considered as testimony in the hearing for a permanent rate increase.

At the conclusion of the hearing on the application of the Company for the allowance of temporary or emergency rates, the Commission made its order denying such application in which it found that the Company was receiving sufficient income from its intrastate operations to pay operating costs, fixed charges, including interest on all borrowed capital, with a balance for common stock equity in a sum slightly in excess of one half of one per cent. This computation being made on the assumption that the Company's separation between intrastate and interstate operations was correct, which fact was not determined, but withheld for determination in the permanent rate investigation, and without taking into consideration certain adjustments suggested by the auditor for the Commission.

Upon the application for supersedeas, this court, after consideration of the evidence submitted in support of the application for temporary or emergency rates, and after consideration by this court of the written statement of the reasons given by the Commission for denying the application for temporary or emergency rates, and for denying supersedeas bond, on July 16, 1948, entered its order as follows:

"It Is ordered that the application of the appellant, Southwestern Bell Telephone Company, for supersedeas be, and the same is hereby, approved and the order of the Corporation Commission refusing to fix increased temporary rates on the petition of the appellant is hereby superseded and suspended upon filing by appellant with the Clerk of this Court a suspending or supersedeas bond in the sum of $500,000, with good and sufficient sureties, to be approved by the Clerk of this Court, conditioned that the appellant shall promptly refund to the parties entitled thereto all rates or charges which the appellant may collect or receive pending the appeal herein in excess of those authorized by the final decision herein as provided by Article 9, Section 21 of the Constitution of Oklahoma as amended in 1941, and as provided in the form of bond contained in the Suggestions to the Court filed by the appellant on July 10, 1948, in this cause.

"It is further ordered that the Corporation Commission may on proper showing that the said bond is insufficient require the appellant to file an additional bond or bonds.

"It Is further ordered that the Corporation Commission specify to appellant the nature, form, and extent of the accounting to be kept by appellant for subsequent reporting to the Corporation Commission."

On July 17, 1948, after making the bond required by the foregoing order of this court, the Company placed in effect temporary intrastate rates designed to produce the sum of $3,077,661. The Commission does not contend that under the showing made by the Company in its application for temporary or emergency rates the Company is receiving a fair and just return on its investment, its chief contention being that so long as it had an income sufficient to pay operating costs, fixed charges, including interest on borrowed capital with any amount over for common stock, that no emergency existed and that for that reason the Company was not entitled to increased temporary rates.

In support of this contention the Commission relies upon the case of New England Telephone & Telegraph Co. v. State, 95 N. H. 58, 57 Atl. 2d 267. In that case the New Hampshire Supreme Court held that under a New Hampshire statute providing that where an emergency exists the public service commission of that state was authorized to temporarily alter, amend or suspend existing rates, charges, prices, etc., the emergency relief so granted need only be sufficient to prevent operating losses of the utility involved, and to pay accruing interest on the company's bonds. Therein it said:

"The foregoing order does not take into account the claim of the company that it is entitled to a return upon the equity value of its property represented by the common stock. We do not think that, upon a petition for emergency relief such as this, the question of such return, is before us, but it will be a question for the Commission to consider in establishing permanent rates. Until such permanent rates can be established, stockholders must expect to share the burden of abnormal costs without transferring the whole to the public under the guise of emergency relief."

The New Hampshire court cites no authority in support of its holding, and no other authority to that effect is cited in the Commission's briefs. The holding of that court is directly contrary to the decisions of this court involving similar situations and to the decisions of the Supreme Court of the United States, where it reasonably appears that a considerable length of time will be consumed in a hearing upon an application for a permanent rate increase. Oklahoma Gas & Electric Co. v. State Corporation Commission, 83 Okla. 281, 201 P. 505; McAlester Gas & Coke Co. v. Corporation Commission, 101 Okla. 268, 224 P. 698; Prendergast v. New York Telephone Co., 262 U. S. 43, 67 L. Ed. 853.

In McAlester Gas & Coke Co. v. Corporation Commission, supra, referring to a temporary rate sought to be placed in effect under a suspending bond, we said:

"Under such an arrangement the patrons of the company will not eventually suffer if it be ultimately determined that the increase in rates was erroneously granted for without expense to them all such increased charges will be refunded. On the other hand, if it be eventually determined by the court that the company was entitled to such increase, there is no way by which the court can make the order of increase of rates so effectively retroactive as to relieve the company of the burden of the loss unjustly inflicted upon it, and to require the company's patrons to pay the deficiency for past service which they have been able to unjustly avoid. The courts of the state, with their strong arms outstretched to protect our laborers and our poor, of whom we are justly proud, must also let it be known in no uncertain terms that capital invested in the great utilities of the state will be given not only equal but timely protection of our laws."

From these authorities, and numerous others which might be cited, it is clear that where it reasonably appears that a proceeding before the Commission for a statewide raise in rates will consume a considerable length of time, and that the rates in effect do not yield to the utility a reasonable return, it is the duty of the Commission, upon proper application and showing, to permit a temporary increase of rates sufficient to yield, when added to the rate then in effect, a reasonable return upon the investment of the utility. If the Commission is of the opinion, as here, that sufficient showing for increased temporary rates has not been made, the utility is entitled to supersede by the giving of bond on notice of appeal as provided by section 21, art. 9 of the Constitution.

It is not proper for us at this time to attempt to determine the exact amount of additional income, if any, to which the Company is entitled temporarily. Before making that determination the court should have before it

the findings and order of the Commission made upon the application for permanent increase in rates. In the meantime the Company is producing the increased revenue sought by it under its first application for temporary or emergency rates, and the public is protected by its bond or bonds. For these reasons decision on the Company's appeal from the order of the Commission denying it temporary or emergency increases in rates in cause No. 33645 will be withheld pending final disposition of the Company's application for increased permanent rates, and the authority of the Commission to require further or additional bond under our order of July 16, 1948, continued in force.

Coming now to a consideration of the appeal in cause No. 34054, on January 18, 1949, while the taking of testimony upon the application of the Company for an increase in permanent rates was in progress before the Commission, the Company filed with the Commission and with this court a notice of increased rates in which it stated that it proposed to and would, effective at 12:01 January 26, 1949, place in effect and from there on charge and collect additional increased temporary rates, designed to produce to the Company, with earnings then being realized, annual net earnings of six per cent, such increased gross revenues to amount to $3,000,000 per annum. In said notice it was stated that the Company stood ready, willing and able to furnish any additional bond which might be ordered by the Commission. On the same date the Commission made and entered its order No. 22004, directing the Company to refrain from placing in effect any additional increased temporary rates until such time as same should be approved and authorized in some lawful manner. On the 22nd day of January, 1949, the Company filed with the Commission its motion to vacate the last mentioned order for the following reasons:

"1. The Commission exceeded its jurisdiction and went beyond its authorized power in making and entering said Order, and same is, therefore, void and unenforceable;

"2. The said Order is in conflict with a previous valid order of the Supreme Court of Oklahoma, to wit, that Court's Order of July 16, 1948, made and entered in Cause No. 33645 then and now pending in that Court;

"3. The said Order is invalid in that by it the Corporation Commission seeks to render ineffective, to supersede, suspend, and nullify said previous order and the decision of the Supreme Court of Oklahoma therein contained;

"4. The said Order is invalid in that by it the Corporation Commission seeks to render ineffective and to nullify and hold for naught the plain and mandatory provisions of Section 21 of Article IX of the Constitution of Oklahoma (as amended in 1941), as same has been previously declared and given effect by the Supreme Court of Oklahoma; and,

"5. The said Order of the Commission is illegal and void in that, contrary to and in disregard of uncontradicted evidence presented to the Commission, it takes the property of this movant and deprives it of same without due process of law, and takes and uses the property of this movant for public use without just compensation, contrary to the express prohibitions contained in the Oklahoma Constitution and in the Fourteenth Amendment to the Constitution of the United States, in that:

"(a) The Order would require this movant to continue to furnish intrastate telephone service to the public in Oklahoma at rates and upon earnings confiscatorily low (with revenues from present temporary rates included), this movant now being permitted to earn less than 3% per annum on its intrastate operations, and this upon the basis least favorable to movant;

"(b) The Order would deny to this movant a fair hearing, including immediate decision to put an end to existing confiscation clearly established; and,

"(c) The Order would deny to movant a plain, speedy, and adequate rem-

edy in the courts of Oklahoma, and render it impossible for this movant to secure a certain, speedy, full, complete, and adequate judicial review in the courts of Oklahoma."

This motion, in the alternative, asks that in the event the Commission had jurisdiction over further proceedings involving the allowance and fixing of temporary rates, that it act immediately to grant, allow, fix and determine additional temporary rates sufficient to produce to the Company additional gross revenues of $3,000,000 per annum. On the 17th day of February, 1949, the motion of the Company was in all things denied.

On January 20, 1949, the Commission filed in this court in cause No. 33645, its motion wherein was recited the giving of the notice of the Company of January 18, 1949, and the action of the Commission thereon as above set forth, and praying for an order of this court directing the Company to refrain from placing into effect additional increased temporary rates as outlined in said notice, and upon such application this court made and entered a restraining order restraining the Company from making such further increase in its temporary rates.

From the action of the Commission in refusing to vacate its order No. 22004, and denying the Company's application for the establishment or allowance of increased temporary intrastate rates, the Company has appealed by petition in error (cause No. 34054) to which is attached three additional volumes of record, duly certified to by the Commission as containing all the testimony taken before and submitted to the Commission subsequent to April 13, 1948, and up to and including January 18, 1949.

This appeal was filed in this court on March 18, 1949, and on the same date the Company filed an application for supersedeas of the denial of the second increase. Additional briefs were filed by the parties, and both parties requesting oral argument, the appeal

in cause No. 33645 and in cause No. 34054 were both orally argued on July 12, 1949. From the record it does not appear that the taking of testimony on the application for the permanent increase was unduly delayed in the Corporation Commission when the press of other matters to be heard before that body is taken into consideration. At the oral argument on July 12, 1949, it was stated that all the evidence to be produced before the Commission had been taken and the matter had been submitted, and it is reasonable to assume that the Commission will act upon the application for a permanent rate within a reasonable time. In the event an appeal is taken from the fixing of a permanent rate it will receive prompt consideration in this court as required by the Constitution.

The temporary rate under the supersedeas bond granted in cause No. 33645 became effective July 16, 1948. From the evidence produced before the Commission in connection with the second increase demanded by the Company, it is shown that giving effect to the raise placed in effect by the Company under the supersedeas, and allowing for certain increased expenditures in 1949 without making allowance for any possible increase in revenue, the estimated net income of the Company, after the payment of all expenses and taxes, will amount to $1,672,-829. This amount includes both intrastate and interstate revenue, but a similar computation reveals that the revenues on intrastate operations alone after the same adjustments had been made will amount to approximately $1,-272,805. While these amounts may fall short of the six per cent net revenue which the Company assumed the first increase would enable it to receive, it certainly indicates that no pressing emergency exists, and it is possible that increased revenues in 1949 will give the Company a net yield over and above these estimated amounts. In any event, it being reasonable to assume that the Commission's disposition of the application for a permanent in-

crease will not be unduly delayed, we deem it unwise and unnecessary to grant a second and further increase at this time.

This action on our part is not without precedent. In Prendergast v. New York Telephone Co., supra, the Supreme Court of the United States stated that if it appeared that a final hearing in a rate case had been fixed for an early date, this might be taken into consideration by the lower federal court as an element affecting the exercise of its discretion in the matter of granting an injunction. And in McAlester Gas & Coke Co. v. Corporation Commission, supra, we held that a temporary rate need not be granted where it reasonably appeared that a final decision upon permanent rates could be expected in the near future. We consider it unnecessary, unless the existence of a great emergency is shown, to grant repeated and excessive increases in rates at short intervals of time. We think it unfair to the public, which is entitled to some permanence in rates, and, further, if upon the fixing of a permanent rate it should be necessary for a part of the increases to be refunded, it would complicate the checking of the refunds made, which duty would fall upon the Corporation Commission.

For the reasons above stated it is our conclusion that the Commission did not err in refusing to grant the second increase in rates.

The contention made by the Company that the order made by this court in cause No. 33645, permitting it to supersede the order of the Commission denying the first increase in rates requested, and permitting it to increase its rates to produce an additional sum of $3,077,661, divested the Commission of jurisdiction over the entire matter of temporary rates, is, in our judgment, untenable. While that order did not specify the exact amount of the rate raise to which the Company was entitled, the application or motion for allowance of supersedeas filed in this court confined the amount of that raise to the amount above specified. In its application for allowance of supersedeas, the Company made the following statement:

"In this respect it is shown that appellant and plaintiff in error has committed itself and does now commit itself not to place in effect nor charge temporary rates under such bond, pending final determination of appellant's application for the establishment of permanent increased rates higher than necessary to produce annual compensation to appellant of six (6%) per cent upon the basis outlined in Burns' Exhibit 35 aforesaid, to wit: additional gross annul revenues of $3,077,661.00, for intrastate telephone service rendered by applicant in Oklahoma during said interim of time."

The order of this court granted that application and fixed the amount of the supersedeas or suspending bond at $500,000.00, the order to be effective pending the determination of the appeal. The order applied only to the denial of the first raise by the Commission, and did not divest the Commission of jurisdiction to grant or refuse further temporary increases in rates. If the Company desired a further and additional increase in rates, it was its duty to file an application with the Commission and make a showing that the rate it then was receiving was insufficient. Article 9, section 22, of the Constitution, expressly provides that no new or additional evidence shall be introduced in this court on an appeal from the order of the Corporation Commission, so that no showing could be made before us. Certainly, it was not the intent of this court in making such order to deprive the Commission of such further jurisdiction in the matter of temporary increases, or to leave them entirely within the discretion of the Company. It follows that any showing made as to the necessity of an increase in rates must necessarily be made before the Commission.

In cause No. 33645, we therefore continue in force the order of July 16,

1948, hereinabove set forth, until the final determination of the permanent rate which the Company is entitled to charge for its services in its intrastate business.

In cause No. 34054, the order of the Corporation Commission denying a further or second temporary increase in rates pending the determination of the permanent rate is, for the reasons above set forth, affirmed.

WELCH, GIBSON, and JOHNSON, JJ., having certified their disqualification, ROY PAUL, WILLIAM B. MOORE, and RAY McNAUGHTON, Sp. JJ., were appointed in their stead.

DAVISON, C. J., ARNOLD, V. C. J., HALLEY, J., and PAUL, MOORE, and McNAUGHTON, Sp. JJ., concur. O'-NEAL, J., concurs in result. CORN, J., concurs in No. 34054, dissents in No. 33645.