## EQUALIZATION BOARD OF OKLAHOMA COUNTY et al. v. FORD MOTOR CO.

No. 26817. Oct. 6, 1936.

Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for plaintiffs in error.

Everest, McKenzie & Gibbens, for defendant in error.

WELCH, J., Essential facts are that in due time the Ford Motor Company, referred to as plaintiff, returned its personal property for assessment in Oklahoma county. The valuation thereof was later increased by a very substantial amount by the county

board of equalization, which gave notice of the increase. Thereafter the plaintiff presented written protest against such increase, as authorized by section 7, chapter 115, S. L. 1933, amending Okla. Stat. 1931, sec. 12660. Such protest was not filed within the five days allowed by said section, but was filed a very few days thereafter, and while the board was still in session, and there was an offer to show excuse for the delay, and offer to show good cause why the protest was late, as authorized by said section. Although the board was still in session, it refused to hear the protest or the excuse or the showing of good cause for not filing in five days. Plaintiff then commenced this action in the district court, resulting in judgment for the plaintiff, in effect finding a sufficient excuse for the delayed filing of the protest, or sufficient good cause for filing it after the expiration of the five days period, but while the board was still in session, and it was so adjudged and decreed that the plaintiff have peremptory writ of mandamus requiring the defendant board to meet and hear the plaintiff's protest against such increase in valuation on its personal property assessment.

To reverse that judgment this appeal is prosecuted, and the defendants first urge that mandamus is not a proper remedy and will not lie. Defendants contend that plaintiff's only remedy is by appeal from the decision of the equalization board, this upon the theory that the matter was heard and determined by that board. The legal theory is correct in the abstract, but it is not here founded on a proper premise of fact. The equalization board did not hear and determine either the protest or the proffered showing of good cause for the delayed filing. The board here refused to hear and determine, and therefore there was no determination from which to appeal.

As concerns the legal questions involved, this case has much in common with State ex rel. v. Walker, 168 Okla. 543, 35 P. (2d) 269. In that case the Corporation Commission was required by mandamus to grant a hearing and to determine the matter presented. This court did not direct or dictate the determination that should be made, but did require that the matter be heard, a determination then to be made as should be indicated to be right and proper by the showing made upon the hearing. Such in effect was the order of the trial court in this case requiring the equalization board to reconvene and hear the plaintiff's protest to the increased valuation of its taxable personal property. control the discretion of the equalization board as to what its decision should be on the protest after a fair hearing had been held. We therefore need not notice the many decisions holding that such discretion is not subject to control by mandamus.

There was some effort by defendants in the trial court to show that the board's refusal to hear the protest was not willfully arbitrary, but, on the contrary, was prompted by wholesome motives taking into account the volume of work then before the board and its preference on that account not to voluntarily reopen the matter and hear the protest. However, the defendants are not here charged with acting from any immoral motive, and of course an act of an official, or his refusal to act, may in contemplation of the law be arbitrary regardless of the motive prompting it. It was the conclusion of the trial court that the action of the board in refusing plaintiff a hearing was such as in law amounted to an arbitrary action.

The defendants contend that such finding and judgment of the trial court is not supported by the evidence and is contrary to the evidence. An examination of the record discloses that there was evidence dealing with the situation of the parties, the location and domicile of the plaintiff, a foreign corporation, showing details as to the receipt of the notice and the time necessary to prepare and present protests in Oklahoma City. This evidence appears worthy of belief and was sufficient to satisfy the trial court that the plaintiff had used due diligence and had acted in good faith and had made ample showing excusing its brief delay in presenting its protest, and ample showing of good cause for filing after the expiration of the five days, but while the equalization board was still in session. We cannot say that the finding and judgment of the trial court is against the clear weight of the evidence, or that the trial court in any manner abused its discretion in granting the relief in mandamus.

It follows that the judgment of the trial court should be affirmed, and in accordance therewith the county equalization board should hear the protest of the plaintiff taxpayer, and at the conclusion of such hearing should take such action as to the assessment of plaintiff's personal property and the valuation thereof as in the judgment of such board would accord with right and justice.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.