S. J. GROVES & SONS CO. et al. v. OKLAHOMA CITY et al.

No. 30626. Sept. 22, 1942.

*129 P. 2d 185.*

O. A. Cargill, John Barry, and Rittenhouse, Webster, Hanson & Rittenhouse, all of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, for defendants in error.

HURST, J. Plaintiffs, S. J. Groves & Sons Company, Joseph A. Bass, E. C. Ottinger, and Clyde Ottinger, seek by mandamus to compel the city of Oklahoma City to accept their bid for the construction of a dam and canal in connection with the city water project at Bluff creek. The city filed a return to the alternative writ. When the matter came on for hearing, the city objected to the introduction of evidence for the reason that the petition and alternative writ failed to state facts sufficient to entitle plaintiffs to a writ against the defendants. The objection was sustained, and plaintiffs elected to stand on their petition. The trial court thereupon dismissed the cause, and plaintiffs appeal.

The petition alleged that the city had voted a bond issue of $6,911,000 for the construction of the water project, and that the city advertised for bids for the construction of the dam and canal three different times; that upon each occasion the plaintiffs were the only bidders, and that the bid made by them, $3,787,442, was upon each occasion rejected by the city; that defendants, after rejecting the last bid, decided to do the work on force account, renting the necessary equipment and hiring the labor, which, it is alleged, was contrary to the provisions of the city charter and the state law, and which will make the cost of the water project exceed the amount of the bond issue; that the bids submitted by plaintiffs were in excess of the estimates of the city engineer for the construction of the dam and canal, but were within the bond issue; that plaintiffs did not know why the defendants would not consider their bids, and charged that the defendants failed to exercise fair and impartial judgment and discretion in considering their bids, but acted arbitrarily and capriciously in the rejection thereof, and were influenced by bias and favoritism; that the bids submitted by plaintiffs were fair and reasonable, based upon mathematical calculation, and not disproportionate to the estimated actual cost of construction. The prayer was that defendants be required to rescind their action in rejecting the bid submitted by plaintiffs, and their decision to rent equipment and do the work on force account, and that the court order and direct the defendants to accept the bid of plaintiffs and enter into a contract with them for the construction of the dam and canal.

The return of the defendants averred that they rejected the bid of plaintiffs upon the advice of the city manager and city engineer, and after giving the matter due consideration; that the bid was excessive by more than $500,000, and that it was determined to rent equipment and do the work on force account because it would cost less; that the advertisements for bids reserved the right to reject any and all bids, and that by the city charter defendants are authorized to reject all bids for public works, if they see fit, and have the work done under the supervision of the proper department, which course they were pursuing at the time the action was filed. They denied that their rejection of the bids of plaintiffs was in bad faith, or arbitrary or capricious, but alleged that they were actuated only by a desire to keep the cost of the water project within the amount of the bond issue, which would not be possible if the bids submitted by plaintiffs were accepted.

The sole question presented is whether the petition states a cause of action. An objection to the introduction of evidence is equivalent to a demurrer to the petition (Schmeusser v. Schmeusser, 181 Okla. 18, 72 P. 2d 378), and therefore in passing upon the same the petition must be liberally construed, and all facts well pleaded, together with all inferences which may be reasonably drawn therefrom, must be taken as admitted to be true. Crews v. Garber, 188 Okla. 570, 111 P. 2d 1080.

It is settled that where an administrative officer or board has exercised discretion in the performance of an act not purely ministerial, the courts will not control or review the exercise of such discretion by mandamus except in a case wherein it clearly appears that there has been an arbitrary abuse thereof. 18 R. C. L. 124-125; 34 Am. Jur. 856-858; 38 C. J. 689; United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Commission, 294 U. S. 50, 55 S. Ct. 326.

Plaintiffs cite Marland v. Hoffman, 184 Okla. 591, 89 P. 2d 287; State ex rel. Reirdon v. County Court of Marshall County, 183 Okla. 274, 81 P. 2d 488; Bankers Union Life Ins. Co. v. Read, 182 Okla. 103, 77 P. 2d 26; State ex rel. H. F. Wilcox Oil & Gas Co. v. Walker, 168 Okla. 543, 35 P. 2d 269; Equalization Board of Oklahoma County v. Ford Motor Co., 177 Okla. 583, 61 P. 2d 251; Green-Boots Const. Co. v. State Highway Commission, 165 Okla. 288, 25 P. 2d 783; Allen v. Board of County Com'rs of Logan County, 131

Okla. 41, 267 P. 860; Board of Com'rs of Seminole County v. State ex rel. Cobb, County Judge, 31 Okla. 196, 120 P. 913, and a number of decisions from other states, as supporting their contention that the trial court should have awarded the peremptory writ. Examination of the decisions of this court cited by plaintiffs discloses that in practically every case wherein it was held that mandamus was the proper remedy the court or officer acted or failed to act because of a mistaken view of the law, or failed to do an act required by law, or refused to exercise the discretion with which such court or officer was vested. In the cases from other states there was a failure to award the contract to the lowest responsible bidder as required by law, or an award to a higher bidder without reasonable grounds for so doing.

We consider the above authorities inapplicable to the instant case. The defendants herein were by the provisions of section 4, art. 9, of the city charter expressly authorized to reject all bids and do the work under the supervision of the proper department if they saw fit. This they elected to do. They exercised their discretion in the way authorized by the law, and not contrary thereto or under a mistaken view thereof. There are no facts stated in the petition showing that the defendants abused their discretion, or acted arbitrarily or capriciously, or in bad faith, nor do the facts stated warrant such inference. It is much more reasonable to infer that the defendants, after trying three times to get other or lower bids on the work, decided it could be done less expensively on force account. Whether this decision be wise or otherwise, mandamus will not lie to compel a different conclusion. United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Commission, supra; 18 R. C. L. 236; 80 A. L. R. 1382, annotation.

The petition in the instant case failed to show that plaintiffs had a clear legal right to the peremptory writ, and the trial court did not err in sustaining the objection of defendants to the introduction of evidence by plaintiffs. Marland v. Hoffman, above.

Affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent.